## N. Y. COMMON PLEAS.

Isaac Nebenzahl, plaintiff and respondent, agt. Edward M. Townsend and Henry C. Yale, defendants and appellants.

*False imprisonment — Malicious prosecution — cause of action for, are inconsistent and cannot be joined in one action — When and when not action for malicious prosecution maintainable — What must be averred and proved — Action for false imprisonment, when not maintainable.*

T. and Y., in a suit against N. and M., held them to bail on a provisional order of arrest, but after judgment, without taking the debtors in satisfaction, caused their arrest under a Stilwell warrant. After the latter proceedings had been dismissed — because plaintiffs having elected to proceed under the provisions of the Code, could not take proceedings under the Stilwell act, and the decision had been affirmed by the general term, and while a further appeal was pending — N. brought this action against T. and Y. for false imprisonment and malicious prosecution:

*Held* (reversing judgment for plaintiff): 1. That the two causes of action being inconsistent, and could not, therefore, be joined in one action, plaintiff should have been required to elect under which count he should proceed.

2. It being incumbent on plaintiff, in order to make out a cause of action for malicious prosecution, to show that there was a want of probable cause for the warrant, and as the plaintiff had given no evidence on his part to establish any such cause of action and had objected to any evidence of the existence of probable cause, the complaint as to this cause of action was properly dismissed.

3. The complaint for a malicious prosecution should have been dismissed also, because no such action is maintainable unless plaintiff avers and proves that the suit or prosecution was determined in his favor, while, when this action was brought the proceedings under which the arrest had been ordered were not terminated, as an appeal was then pending.

4. As to the remaining count, for false imprisonment, the complaint should have been dismissed, the process under which the plaintiff had been arrested being regular, and the arrest under it lawful; and the discharging of the warrant because the plaintiff should not be allowed to resort to two remedies, did not render the warrant and the proceedings under it void.

*General Term, June*, 1881.

TOWNSEND AND YALE sued Nebenzahl and Marks for goods sold and delivered, and held them to bail on a provisional order of arrest. After judgment, without taking the debtors in satisfaction, they procured a Stilwell warrant on charges of fraudulently contracting the debt, fraudulently disposing of property and refusing to apply assets in payment. Testimony was taken, and after a hearing, judge LAWRENCE made an order dismissing the proceedings on the merits, on the ground that plaintiffs, having elected to proceed under the provisions of the Code, they cannot take proceedings under the Stilwell act based upon substantially the same facts as those disclosed in the affidavits on which the order of arrest was granted. The judgment-creditors appealed to the general term, where the order was affirmed. They then appealed to the court of appeals, which dismissed the appeal. Pending that appeal, Nebenzahl brought this suit against Townsend and Yale, alleging, first, a cause of action for false imprisonment; second, a cause of action for malicious prosecution; third, a cause of action for an unsuccessful prosecution. On the trial it was admitted that these three causes of action were all based on the same proceedings above stated. The trial court dismissed the second and third causes of action, but held the first, and submitted the question of damages to the jury, who found a verdict of $250 for plaintiff. The defendant moved for a new trial, which was refused, and appealed from the order and judgment. The plaintiffs also moved for a new trial, and appealed from the order denying such motion and from the judgment dismissing the complaint as to the second and third causes of action.

*North, Ward & Waggstaff,* for defendants and appellants.

*Blumensteil & Hirsch,* for plaintiff and respondent.

DALY, C. J.— The warrant granted under the act to abolish imprisonment for debt was not absolutely void because the

defendant had been arrested substantially upon the same state of facts in an action previously brought by the plaintiff, in which the defendant had given bail, and in which judgment had been recovered against him and another. It may be a good reason for discharging his warrant, as was done in this case, upon the ground that the plaintiff should not be allowed to resort to both remedies; that, having elected to pursue one he should be precluded from resorting to the other (*People* agt. *Goodwin*, 50 *Barb.*, 564; *Latore* agt. *Brien*, 6 *Abb. Pr.* [*N. S.*], 66; *Wright* agt. *Ritterman*, 1 *Abb.* [*N. S.*], 431).

But this does not render the warrant and his proceedings under it void. If granted by the proper officer, upon affidavits establishing any one of the grounds of arrest specified in the statute, it is valid, and is a protection to the officer and to all acting under it (*Stewart* agt. *Biddlecum*, 2 *Comst.*, 205; *Rockford* agt. *Boody*, 56 *N. Y.*, 460, 461; *People* agt. *Tweed*, 63 *N. Y.*, 205; 5 *Hun*, 392; *Brown* agt. *Crowl*, 5 *Wend.*, 298; *Wright* agt. *Ritterman*, 4 *Rob.*, 710, 711; *Cooper* agt. *Harding*, 7 *A. & El.* [*N. S.*], 939, 940).

The warrant is not void, but can be vacated upon application to the court, upon the ground that it is vexatious, being instituted merely to harass and annoy, as has frequently been adjudged in cases where, after a defendant has been sued and arrested, a second suit is brought for the same cause in which he is arrested; which application to discharge the defendant from the second arrest is not, however, a matter of right, but rests in the discretion of the court (*Farlay* agt. *Ellfson*, 2 *East.*, 453; *People* agt. *Tweed*, 63 *N. Y.*, 205), as there may be cases where it is allowable to do so. Thus, in *Olmion* agt. *Delany* (2 *Str.*, 1216) it was, under the circumstances of that case, held that the defendant might be arrested in a second action before the former action, in which he had been arrested for the same cause, had been discontinued.

The warrant having in this case been granted by the proper officer, upon affidavits showing affirmatively a case within the statute, an action for false imprisonment could not be main-

tained for an arrest under it — the only action that lies where the arrest and imprisonment is by lawful process being an action for malicious prosecution, which is maintainable if the prosecution was instituted by the one against whom action is brought maliciously and without probable cause.

The complaint was for false imprisonment and malicious prosecution, which was uniting two causes of action that were inconsistent with each other, for, if the arrest was without lawful authority, it was not a case of malicious prosecution (*Bourden* agt. *Alloway*, 11 *Moa.*, 180) ; and if under lawful process there was no false imprisonment, the imprisonment being by lawful authority. Each cause of action is distinct from the other. Thus, formerly, for false imprisonment the remedy was trespass, and for a malicious prosecution it was case (*Elder* agt. *Smith*, 2 *Chitty's R.*, 304). Both cannot exist on the same state of facts, or, to put it more clearly, if one lies upon the facts the other does not. The complaint contains a good count for malicious prosecution, averring that defendant caused to be made affidavits upon which he obtained from judge LAWRENCE a warrant for the arrest of the plaintiff, upon which he was arrested and held to bail ; which proceeding, prosecution and arrest it is averred was instituted by the defendant, maliciously and without probable cause ; and a count for false imprisonment, which averred that the defendants wrongfully and by force caused the plaintiff to be taken into custody and imprisoned, without any right or authority ; and that the imprisonment was under a warrant wrongfully and irregularly issued at the instance of the defendants ; which count might possibly be sustained if the warrant, process or other proceeding by or under which he was imprisoned was void, being without authority in law. When the plaintiff had opened the case, the defendant moved that the plaintiff be required to elect under which count or cause of action in the complaint he would proceed, which was denied, and the defendants excepted. As the plaintiff could not maintain an action for false imprisonment, and one also for malicious pro-

secution for the same arrest and imprisonment, I think he was bound to elect under which he would proceed, but the point is not material from what subsequently occurred.

The plaintiff then put in evidence all the proceedings under which he was arrested, in pursuance of the act to abolish imprisonment for debt. He was examined as a witness on his own behalf, and upon his cross-examination the defendant put several questions to him for the purpose of showing that there was probable cause for the granting of the warrant, such as asking him if there was anything in the affidavits upon which the warrant was granted, which he thought was not correctly stated; to which the plaintiff objected, and the judge sustained the objection, the defendants excepting. As there were counts for malicious prosecution, the defendants had a right to show the existence of probable cause, unless the plaintiff had abandoned, or meant to abandon that cause of action, and that he had is inferable from his objecting to any evidence of the existence of probable cause. To make out such a cause of action, it is incumbent upon the plaintiff (*Lovell* agt. *Roberts*, 1 *Salk.*, 15) to show that there was a want of probable cause for the warrant, and as the plaintiff had given no evidence on his part to establish any such cause of action, and objected to the defendants giving any to prove the existence of probable cause, the judge, on the defendants' motion, after the plaintiff had rested, dismissed the complaint as to this cause of action, or, as it appears in the case, the second and third causes of action in the complaint, the third cause amounting to nothing more than an averment of the granting of the warrant, the arrest of the defendants, the entering into by him of a recognizance, and a decision by judge LAWRENCE discharging the plaintiff from arrest, and dismissing the warrant and complaint, and the affirmance of that decision by the general term of the supreme court and the court of appeals; which, containing no averment of the essential ingredient of a want of probable cause, was no averment of any cause of action

whatever. To this decision the plaintiff excepted, and has also brought an appeal to review it, the answer to which appeal has already been stated in part, that plaintiff rested without giving any evidence establishing a want of probable cause, and after a ruling by the court upon his objection that the defendants had no right to offer any on the subject.

From the plaintiff's points on the appeal, I infer that he regards the discharge of the arrest and dismissal of the proceedings by judge LAWRENCE, upon the ground that the plaintiff had previously been arrested in another action for substantially the same cause, as establishing, as a conclusion of law, the want of probable cause.

It is not necessary, however, to pass upon this point, there being another reason why the complaint for a malicious prosecution should have been dismissed, which is that when the action was brought, the proceedings under which the arrest had been ordered were not terminated, as an appeal was then pending from the decision of the general term of the supreme court, affirming the decision of judge LAWRENCE, to the court of appeals, and until the determination of that appeal it could not be known whether the plaintiff would be discharged from the proceedings against him or not, for if the decision of the court below were reversed upon appeal, the plaintiff would have to be recommitted. The pending of such appeal is, in its effect, somewhat analogous to a discharge by *nolle prosequi*, in which case it has been adjudged an action for malicious prosecution will not lie, because new process may issue upon the indictment (*Goddard* agt. *Smith*, 6 *Mod.*, 261 ; *Hughes* agt. *French*, *Willis*, 520, *note b*).

No action for malicious prosecution is maintainable until the proceeding or suit in which the party has been prosecuted and imprisoned has been finally terminated by his acquittal and discharge, or by a verdict or judgment in his favor, or where there has been an abandonment of the proceeding or suit by the party that instituted it, thereby establishing conclusively and beyond further question that there was no

Nebenzahl agt. Townsend.

ground for his arrest; the reason originally given for the rule being that until the proceeding is finally determined it does not appear that the prosecution or suit in which the party was arrested was unjust (*Watson* agt. *Freeman,* *Hob.*, 266, *and Williams' note to the case in* 1 *Am. ed.*), and because "it ought to be shown that it was false and hopeless" (*per* PARKER, *C. J., in Parker* agt. *Langley*, 10 *Mod.*, 209; *id.*, *Gilbert's Cases*, 163).

It is essential, therefore, to a cause of action for the plaintiff to aver and prove that the suit or prosecution was determined in his favor (*Hunter* agt. *French, Willis*, 517; *Fisher* agt. *Bristow, Day*, 215; *Morgan* agt. *Hughes*, 2 *T. R.*, 223; *Skinner* agt. *Gunton*, 1 *Sandf.*, 229; *T. R.*, 176; *Arundel* agt. *Tragane, Yelv.*, 117; *Beauchamp* agt. *Croft, Dyer*, 285 *a*; *Robbins* agt. *Robbins*, 1 *Salk.*, 15; *Bird* agt. *Line, Comy*, 190; *Goddard* agt. *Smith*, 6 *Mod.*, 262).

"It is," says the court in *Parker* agt. *Langley* (*supra*), "a proper answer to show that it is pending," which it certainly is, when there has been an appeal from the judgment which has not yet been decided; and it must also be shown that the suit was determined, or the plaintiff acquitted or discharged before the action was brought (*Pursell* agt. *McNamara*, 9 *East.*, 157; *Woolford* agt. *Askley*, 2 *Camp.*, 194; *Phillipps* agt. *Shaw*, 4 *B. & A.* 435; *Stoddard* agt. *Palmer*, 3 *B & C.*, 2).

The case was then left to rest upon the single count for false imprisonment; and, at the close of the trial, the defendants moved for a dismissal of the complaint, as it then stood, upon the ground that an action for false imprisonment had not been established, the process under which the plaintiff had been arrested being regular, valid, and the arrest under it lawful, which was denied, and the defendants excepted.

I think, for the reasons already given, that this motion ought to have been granted, and that the defendants are entitled to have the judgment reversed and a new trial ordered, costs to abide the event.