JOHN SUTTON ET AL. v. HENRY VAN AKIN.

*Malicious prosecution—Objection to declaration.*

| 51 | 463 |
| 112 | 22 |
| 51 | 463 |
| 120 | 265 |
| 51 | 463 |
| 139 | ²216 |

A declaration for malicious prosecution is defective if it does not aver the termination of the suit in the last court to which it was carried. But the defect is formal, and would be cured by a verdict for plaintiff on the merits.

Formal defects in pleadings, even if not amendable, should be brought to the court's attention at the earliest reasonable opportunity, if the opposite party means to rely on them; he cannot plead the general issue and then object to evidence on the ground that no cause of action is stated. And if the defect is one that would be cured by verdict, the trial judge should either disregard it or direct amendment to be made and the trial to proceed, and if this takes defendant by surprise he can continue the case on a proper showing.

Error to Shiawassee. (Newton, J.) Oct. 3.—Oct. 10.

MALICIOUS PROSECUTION. Plaintiffs bring error. Reversed.

*A. R. McBride* for appellants. The omission to aver in

the declaration the termination of the malicious attachment suit, is cured by verdict: *Feazle v. Simpson* 2 Ill. 30; *Nolle v. Thompson* 3 Metc. (Ky.) 121; *Rea v. Lewis* Minor (Ala.) 382; *Spaids v. Barrett* 57 Ill. 289 : 11 Am. Rep. 10; 3 Steph. Nisi Prius 2279; *Skinner v. Gunton* 1 Saund. 228; *Young v. Gregorie* 3 Call 391; *Wine v. Ware* 1 Siderfin 15.

*McKercher & Bush* and *Hugh McCurdy* for appellee. To maintain suit for malicious prosecution, it is necessary to establish the fact of prosecution and also that it has legally terminated in favor of plaintiff therein: *Hamilton v. Smith* 39 Mich. 222; Cooley on Torts 186; Wood's Mayne on Damages 566; *Barber v. Lesiter* 7 C. B. (N. S.) 175; *Anderson v. Buchanan* Wright 725; *Davis v. Cook* 3 Greene 539; *Vanderbilt v. Mathis* 5 Duer 305; *Stewart v. Thompson* 51 Penn. St. 158; 4 Wait's A. & D. 347; *O'Brien v. Barry* 106 Mass. 300; *Wood v. Laycock* 3 Metc. (Ky.) 192; *Grant v. Moore* 29 Cal. 644; *Gillespie v. Hudson* 11 Kan. 163; *Hamilburgh v. Shepard* 119 Mass. 30; *Gorrell v. Snow* 31 Ind. 215; *Wheeler v. Nesbitt* 24 How. 544; 2 Chit. Pl. (11th Am. ed.) 602.

COOLEY, J. The action in this case is for maliciously and without probable cause suing out a writ of attachment against the property of the plaintiffs, by virtue of which a crop of wheat belonging to the plaintiffs was seized and detained from them. The attachment was issued by a justice of the peace, and the declaration averred a trial in justice court of the suit begun by that writ, with judgment in favor of the present plaintiffs, and an appeal of the case to the circuit court. There was a failure to aver that the case in the circuit court had been brought to a conclusion.

Without an averment that the malicious suit had in some manner been terminated, the declaration was defective. *Stanton v. Hart* 27 Mich. 539; *Hamilton v. Smith* 39 Mich. 222, 225. But the defendant, instead of interposing a demurrer, which would have called the attention of the plaintiffs to the defect, and given them an opportunity to

amend, pleaded the general issue, and went to trial. But as soon as the plaintiffs called a witness, the defendant objected to any evidence, on the ground that the declaration, by reason of the defect mentioned, failed to set out a cause of action; and the circuit judge sustained the objection. The plaintiffs then asked leave to amend, but this was objected to, and the judge declined to permit it unless the plaintiffs would consent to withdraw a juror. The consent was not given, and the defendant took a verdict.

We think the court erred. The practice to which the defendant resorted in this case is not to be encouraged. It has a necessary tendency to defeat the ends of justice, and is probably resorted to sometimes for that very purpose. Formal defects in pleadings, upon which the opposite party expects to rely, should be called to the attention of the court at the earliest reasonable opportunity, that they may be corrected with as little embarrassment and expense as possible, if correction will be of any avail. To delay making complaint until the cause has reached a stage in which correction is impracticable, or could only be had at great expense, is to deprive the complaint of all claim to favorable consideration. If no amendment could then make the pleading sufficient, it is because it is impossible for the party, on the facts, to state a cause of action; and he must necessarily go out of court; but even in such cases the courts cannot look with indifference upon the practice of postponing the objection to the pleading until the trouble and expense of preparation for trial has been made, and parties and witnesses brought into court. *Barton v. Gray* 48 Mich. 164; *Burke v. Wilber* 42 Mich. 327; *Norton v. Colgrove* 41 Mich. 544.

In *Rowland v. Superintendents etc.* 49 Mich. 553, 555, the Court, speaking through Mr. Justice Marston, expressed the opinion that an objection should not be taken as it was in this case unless when the declaration would not support a judgment, should the plaintiff recover in a trial had upon the merits. In other words, if the defect was such as, after verdict, would be cured by the statute of jeofails, the trial

court should either disregard it altogether, or should direct amendment to be made forthwith and the trial to proceed. This is what ought to have been done in this case.

The failure to allege in the declaration that the attachment suit had been brought to a conclusion, was only a formal defect. The gist of the action was the malicious suing out of the writ without cause ; and though the action could not regularly have been instituted until the malicious proceeding was determined, yet if the parties had gone to trial upon the merits, and the plaintiff had recovered the verdict, it must have been intended in support of the verdict that the condition precedent to the bringing of the suit, namely, the termination of the attachment suit, had been made to appear. Comp. L. § 6051. This being so, permitting the amendment was not a matter of discretion merely, but the plaintiffs were entitled to make it as of right. There is no reason whatever to suppose that the defendant would have been taken by surprise by the correction, or that any new or further preparation for the trial would have been required on his part; but if he had made a showing of surprise or inconvenience, the court could have made the proper order to prevent mischief, and might even have continued the case if there seemed to be sufficient ground for it.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.