WILLIAM J. INGRAM, Appellant, v. CHARLES T. ROOT AND FRANKLIN H. TINKER, Respondents.

*Malicious prosecution — an action therefor, is proper after an order of arrest has been vacated on the merits, if no appeal is taken — pleading.*

After an order of arrest has been vacated upon the merits, the party against whom the action is brought is not obliged to wait until such action has been decided in his favor, before instituting an action for malicious prosecution based upon such arrest.

*Searll* v. *McCracken* (16 How., 262) followed; *Nebenzahl* v. *Townsend* (10 Daly, 232) distinguished.

*Semble,* That the rule would be otherwise, where such order vacating the order of arrest is appealed from, pending such appeal.

That the burden of showing that no appeal was taken from the order rests upon the plaintiff, and his cause of action is not complete unless the complaint contains an averment thereof.

Appeal from a judgment of the New York Special Term sustaining a demurrer interposed to the complaint entered March 9, 1888.

*L. L. Kellogg,* for the appellant.

*Theron G. Strong,* for the respondents.

Brady, J.:

This action was one for malicious prosecution and based upon an arrest by virtue of an order authorizing it, obtained, as alleged, upon a false affidavit concealing designedly from the court a circumstance which, if it had been revealed, would have prevented the granting of the order.

The complaint alleges that the defendant, maliciously intending to injure the plaintiff without probable cause, and with full knowl-

edge that the same was false and untrue, made an affidavit in which he falsely and maliciously alleged certain facts, which it is not necessary to spread out in detail, and which, if true, warranted the order of arrest; that he also, maliciously intending to injure the plaintiff, without probable cause and with full knowledge that the same was untrue, falsely and maliciously made and verified a complaint alleging, substantially, the same facts alleged in said affidavit; that all of said affidavits and complaint were made in an action then brought, to wit: July 29, 1885, against this plaintiff, by these defendants, in the Court of Common Pleas for the city and county of New York; that the statements made by these defendants, upon which said order of arrest was granted, were false and untrue, and were known to the said defendants to be false and untrue; and that thereafter, and on the 8th day of August, 1885, on motion of this plaintiff, the said order of arrest was vacated and set aside by said Court of Common Pleas, upon the ground, as appeared by the plaintiff's affidavits and documentary evidence used and read upon the motion for that purpose, and which were not contradicted or explained, that the defendants had no cause of action against the plaintiff.

The defendants demurred upon the ground that it appeared upon the face of the complaint that it did not state facts sufficient to constitute a cause of action. The learned judge before whom the demurrer was argued rendered judgment in favor of the defendants upon the ground that there was no allegation in the complaint that the action in the Court of Common Pleas had been tried, or that final judgment had been entered therein; his proposition being that, in order to sustain the action for malicious prosecution, the rule was imperative that the prosecution must be at an end or the action or special proceeding complained of finally determined in favor of the defendant.

The propriety of this view is now presented for our consideration, and the question is, whether, after an order of arrest has been dismissed upon the merits, the injured party is obliged to wait until the action in which the order is obtained has been decided in his favor. It will be observed here, in passing, that the order of arrest may depend upon extrinsic facts which it is not necessary to allege in the complaint, and *vice versa.* There can be no doubt that when the order of arrest is dependent for its propriety upon facts *de hors* the

complaint, an action for malicious prosecution may be maintained if the facts otherwise warrant it after the order of discharge, inasmuch as such discharge of the order is, unless appealed from, necessarily a final judgment thereon in favor of the arrested party. This was the view expressed in *Searll* v. *McCracken* (16 How., 262). The plaintiff there sought damages against the defendant on the ground that the latter had maliciously and falsely obtained an order of arrest against him in another action, and the complaint was demurred to. The learned justice who disposed of the demurrer expressed no doubt about the right of action, but said that the complaint was defective because it did not state that the order of arrest, which was alleged to have been falsely and maliciously obtained, had been vacated, or that judgment had been rendered for the defendant.

Upon demurrer, it must be borne in mind the plaintiff comes into court with a confession by the defendant of all the facts alleged in the complaint. The general doctrine, however, of the case is as stated by the learned justice in the court below, and as contended for by the counsel for the respondents. "When a party," as said by EARL, J., in *Marks* v. *Townsend* (97 N. Y., 590), "has a final judgment in his favor upon a trial, the prosecution is so far terminated that he may sue for malicious prosecution. If an appeal be taken from the judgment, that may furnish a reason for staying the trial of the action for malicious prosecution until the decision of the appeal." The complaint in that case alleged two causes, one for malicious prosecution and another for false imprisonment; and the gist of the action was in procuring an order of arrest by the defendants under the Stillwell act, so-called, and the arrest of the plaintiff. The warrant was dismissed and the plaintiff discharged from arrest. There was an appeal to the General Term, where the order of discharge was affirmed, and then an appeal to the Court of Appeals, pending which an action was brought, and upon that ground the plaintiff was defeated. The court said: "A party commencing such an action, while an appeal from the decision in his favor is pending, simply takes the risk of an adverse decision upon appeal, and thus suffering defeat in the action." There is no suggestion that an action might not be maintained if there had been no appeal taken from the order by which the plaintiff secured his discharge.

In *Dusenbury* v. *Keiley* (85 N. Y., 383), the plaintiff was arrested, as in the previous case, under the Stillwell act. He was discharged and the proceedings were removed into the Supreme Court, where an order was made, after due hearing, directing a reversal, and that the proceedings under the Stillwell act be revived and restored. The plaintiff failed to succeed for the reason that his action was barred by the statute of limitations. The right to maintain an action on the discharge of the order was not disputed.

In *Smith* v. *Smith* (26 Hun, 576), a case upon which both parties to this action rely, was brought to recover damages for maliciously and without probable cause filing a notice of *lis pendens*, and a complaint affecting land belonging to the plaintiff. The demurrer was sustained upon the ground that it was not averred that the action had been in any form terminated, or that it was maliciously and without probable cause prosecuted against the plaintiff. It will be perceived that this case, assuming it to have any application, is entirely different for the reason that it is here alleged that the affidavit upon which the order of arrest was obtained was falsely and maliciously made. It might well be that there was no such determination of the propriety of the *lis pendens* in that action as would justify the commencement of a suit, which was not the case with regard to the order herein, which was disposed of on its merits.

A class of cases has been referred to which would seem, at first, to sustain the proposition that there was no such determination of the process under which the arrest was made as would justify the commencement of the action. One of these cases is *Nebenzahl* v. *Townsend* (10 Daly, 232). In that case the warrant was granted by a justice of the Supreme Court for the arrest of the plaintiff and another under the provisions of the Stillwell act. They were discharged, and from the order declarative of that result an appeal was taken to the General Term, which affirmed the order, and a further appeal was then taken to the Court of Appeals, and while the latter appeal was pending an action was brought by the plaintiff. The action was held to be premature in consequence of that appeal. It is true that the learned justice said that no action for malicious prosecution was maintainable until the proceeding or suit in which the party had been prosecuted and imprisoned had been finally terminated by his acquittal and discharge, or a verdict in his

favor ; and he cited what was said in *Parker* v. *Langley* (10 Mod.,
209), that it was a proper answer to show that the action was pend-
ing, which it certainly is when there has been an appeal from the
judgment which has not yet been decided. So far, therefore, as
this case has any application whatever to the controversy in hand
it does not affect the right of action asserted.

In *Swartwout* v. *Dickelman* (12 Hun, 358), a case relied upon
by the respondent, it appeared in the complaint that the plaintiff
had been committed to jail by a justice of the peace to await the
action of the grand jury, before the meeting of which he was dis-
charged on a writ of *habeas corpus*, and then brought his action.
It was held that the discharge was not a determination of the plaint-
iff's innocence, and that the prosecution was not determined until
the grand jury met and the case was presented and ignored, or there
was a failure to prosecute. That is not a case bearing upon the
question herein considered, and does not seem to have any application.

In *Peck* v. *Hotchkiss* (52 How., 226), also relied upon by the
respondent, it was held that an action for seizing property under an
attachment was prematurely brought if an appeal was pending from
the order dismissing the attachment, and this decision is in accord
with those to which reference has been made, and which establish
the proposition that if an appeal be taken from the order of arrest,
and an action be brought pending the appeal, it cannot be main-
tained, inasmuch as there is no final disposition of the process under
which the arrest was made.

A consideration of all these authorities leads to the conclusion
that, in a case like the present, and particularly where the averments
of falsity and malice are so sweeping, and it appears that no appeal
was taken from the order vacating the order of arrest, the action
may be maintained. Assuming that the cause of action was one for
which an order of arrest could be made, nevertheless, the Code
(§§ 567, 568) provides that a motion may be made to vacate it.
That section does not distinguish between such arrests and those
dependent upon facts and circumstances other than the cause of
action, abstractly considered ; and this court has decided that an order
of arrest, even when made in cases where the cause of action from
its nature authorizes it, may be assailed on motion and disposed of
on the merits.

The plaintiff, however, in such a case, may, under the provisions of the Code, resort to the remedy of arrest, before or after judgment. When he anticipates the judgment and obtains the order, he subjects the right to that process, however, to examination and determination which was made and had in the action, and according to established rules. He was beaten upon the merits. He could have waited until judgment obtained by him, if he were successful, and have secured his right to arrest the defendant from such success, and immunity, also, from the use of it. He cannot, however, have the privilege of issuing process for the arrest of the defendant before and after judgment, resorting to the latter after the use of the former, and the defendant's discharge necessarily on the merits. He may make his election, but he takes the chances, and must sustain the right asserted, if employed before judgment, when it is questioned and on motion. If, then, it be decided against him, it must be on the merits, and his asserted right is overthrown. And this, unless an appeal be taken, is a final determination of the invalidity of the process without reference to the continuance of the action. This is all that it is deemed necessary to say on the subjects discussed, although the object in view herein is to show that an order of discharge, such as was made in the action against the plaintiff, is a final determination of the right of arrest, and authorizes an action like this, provided no appeal is pending from the order. The authorities considered seem to result in the necessity of averring the converse of the condition suggested, placing the burden on the plaintiff of showing that no appeal was taken from the order. His cause of action is not complete without it. And this springs from the rule requiring, at least, as already shown, a final determination of the right of arrest. The plaintiff has failed to make the averment suggested, and the judgment pronounced must for that reason be sustained.

Ordered accordingly.

VAN BRUNT, P. J., concurred in result.

DANIELS, J. :

The order discharging the order of arrest is not conclusive evidence of the termination of the right of arrest. The facts may yet be proven upon the trial subjecting the defendant to arrest; until

that shall have taken place, and the suit determined in favor of the defendant, by a failure there, the action is premature. The case was rightly disposed of at the trial and an affirmance of the judgment must follow.

Judgment affirmed.