### LAROCQUE v. DORSEY (two cases).

(Circuit Court of Appeals, Second Circuit. May 6, 1924.)

Nos. 306, 307.

**1. False imprisonment ⬤⟹4—Malice immaterial.**
In false arrest, malice is immaterial.

**2. Malicious prosecution ⬤⟹16—Elements stated.**
In malicious prosecution, the arrest may be lawfully or unlawfully made, but the prosecution must have been begun and favorably ended, and there must be both malice and want of probable cause.

**3. Malicious prosecution ⬤⟹23, 33—Inference from want of probable cause and from malice.**
Malice, as an element of malicious prosecution, may be actual, or inferred from the facts and inferences deducible therefrom, and may be inferred from want of probable cause, but want of probable cause may not be inferred from malice.

**4. Malicious prosecution ⬤⟹8—Filing of complaint not prosecution.**
The mere filing of a complaint or an affidavit does not constitute malicious prosecution, but the filing of the complaint or affidavit must be followed by a prosecution.

**5. Malicious prosecution ⬤⟹8—Arrest without warrant not beginning of prosecution.**
The arrest of plaintiff without a warrant did not constitute the beginning of a prosecution, so as to entitle plaintiff to damages for malicious prosecution.

**6. Malicious prosecution ⬤⟹35(1)—Termination of prosecution by acquittal or discharge essential.**
In actions for malicious prosecution, it must be alleged and proved that there was a termination of the prosecution by plaintiff's acquittal or legal discharge, or at least by such conduct of defendant as brought about a discharge.

**7. Malicious prosecution ⬤⟹35(1)—Arrest and release without arraignment not actionable.**
Plaintiff, who was merely arrested, and was released without arraignment or hearing of any kind before a court of competent jurisdiction, could not recover damages for malicious prosecution.

In Error to the District Court of the United States for the Eastern District of New York.

Actions by Anna Dorsey and by Joseph Dorsey against Joseph Larocque. Judgments for plaintiffs, and defendant brings error. Reversed, with directions.

Anna Dorsey brought an action to recover $20,000 damages for malicious prosecution, and the jury rendered a verdict in her favor for $2,500. Her husband, Joseph Dorsey, brought an action for damages for loss of his wife's services, alleged to have been the result of the malicious prosecution, and the jury gave him a verdict for $250. We shall pass certain preliminary history in respect of the pleadings, and commence the statement of the case with the complaint in the Anna Dorsey action, which read in part as follows:

"Second. That on or about the 4th day of October, 1920, the defendant, maliciously and without reasonable or probable cause therefor, charged plaintiff before Hon. Arthur A. Palmer, a justice of the peace in and for the village of Bernardsville, town of Bernards, in the state of New Jersey, with the crime of grand larceny, in having stolen certain articles of jewelry, and thereupon procured a warrant to be issued by the said justice for the arrest of plaintiff.

"Third. That thereafter, and on or about the said 4th day of October, 1920, plaintiff was arrested upon said warrant, and imprisoned and detained for several hours in the police station in the village of Bernardsville, state of New Jersey, and there compelled to be thoroughly searched by the police authorities of said town.

"Fourth. That immediately thereafter, and on the said 4th day of October, 1920, and at the instance and under the direction of the defendant, plaintiff herein was discharged, and said prosecution was thereby wholly terminated.

"Fifth. That the plaintiff was entirely innocent of the charge made against her by the defendant.

"Sixth. That there was no reason or cause to believe that plaintiff was guilty of the charge made against her by defendant, and that defendant's conduct was malicious, wholly unwarranted, and without probable cause, or foundation in fact, and that he knew plaintiff to be innocent of said charge."

There was no allegation that there was a judicial hearing or determination of the alleged prosecution, or that plaintiff was discharged by a court of competent jurisdiction. In this respect, the complaint of Joseph Dorsey was similar. Motion was made at the opening of the case, and before a jury was impaneled, to dismiss the complaint. The motion was denied, and exception duly taken. Motions seasonably made later during the progress of the trial were denied and exception taken.

Plaintiff Anna Dorsey was a nurse, in defendant's employ at his home in Bernardsville, N. J. On September 26, 1920, defendant's wife questioned plaintiff about the loss of certain jewelry. The following day, plaintiff was asked to go in a room where there were present other servants, Stryker, chief of police, and a police officer named McGee. Plaintiff was asked whether she was willing to "have your things searched," and, having stated her willingness, her "belongings" were searched, and the lost property was not found.

Under date of October 4, 1920, defendant subscribed and swore to an affidavit before Arthur Palmer, recorder of the recorder's court in Bernardsville. This affidavit read, in part, "Criminal Complaint, State of New Jersey. Joseph Larocque * * * upon his oath complains that on or about the 26th of September, in the year 1920, * * * one Anna Dorsey did unlawfully and feloniously take and carry away with intent to steal" certain jewels (describing them), and "therefore he prays that the said Anna Dorsey be apprehended and held to answer the said complaint and dealt with as law and justice may require." Defendant, who was called as a witness by plaintiff, stated that his purpose in making this affidavit was that the "chief of police * * * represented it to be my duty as a householder in that community, there having been a number of other inside robberies—as he expressed it, inside jobs—among my neighbors, to take a stand and help the police in finally tracking down these cases."

No warrant was issued at that time or on that day. Plaintiff was driven by defendant's chauffeur to the railroad station, pursuant to the instructions of defendant's wife to take defendant's child to school. In the railroad station, Stryker, chief of police, accompanied by McGee, arrested plaintiff. She was then driven to Miss Lillian Coe's, the overseer of the poor, where, pursuant to Stryker's instructions, she was searched by Miss Coe. She was then taken to defendant's house, where the chief of police searched all plaintiff's "belongings," and then told plaintiff that she "was eliminated from the case." The chief of police then left, and plaintiff was not subjected "to' any further restraint or confinement on account of this case." According to plaintiff's testimony, there was no evidence that defendant took any part in the release of the plaintiff.

Palmer, the recorder, called by plaintiff, testified that the chief of police said to him that he needed a warrant, and that he "wanted to have one in readiness, so that, if he needed it, he could use it, and I find I have issued the warrant here, but it has never been handed to the officer. It was never taken out of my office, out of my file. It was never used." Asked whether it was not issued, Palmer answered, "Yes, it is, under my notion," but "never delivered for service. * * * The chief of police never asked for it." It then appeared that the warrant was made out on October 5, 1920; i. e., the day after plaintiff had been taken in custody by the chief of police and let go by him.

Choate, Larocque & Mitchell, of New York City (William R. Bayes and Joseph Larocque, both of New York City, of counsel), for plaintiff in error.

Arthur M. Milligan, for defendants in error.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

MAYER, Circuit Judge (after stating the facts as above). [1] The case seems to have been tried under misapprehension of elementary principles applicable to an action of this kind. In false arrest, malice is immaterial.

[2] In malicious prosecution, the arrest may be lawfully or unlawfully made, but the prosecution must have been begun and favorably ended, and there must be both malice and want of probable cause.

[3] Malice may be actual or malice in law; i. e., inferred from the facts and inferences deducible therefrom. If there be want of probable cause, malice may be inferred; but, per contra, even if malice is present, want of probable cause may not be inferred therefrom. Brown v. Selfridge, 224 U. S. 189, 32 Sup. Ct. 444, 56 L. Ed. 727. The trial judge seemed to be of the opinion that either malice or probable cause would suffice. This was error, but possibly was cured by the charge.

[4] But the uncured errors committed were much more vital. There never was a beginning of the prosecution. The mere filing of a complaint or affidavit is not enough. This must be followed by a prosecution.

[5] What Stryker did may or may not have been a false arrest, but, if what he did was an arrest, it was made without a warrant, and the arrest was in no sense the beginning of a prosecution by defendant. Cooper v. Armour (C. C.) 42 Fed. 215, 8 L. R. A. 47.

[6] Further, in actions of this character, it must be alleged and proved that there was a termination of the prosecution by plaintiff's acquittal or legal discharge, or at least by such conduct of a defendant as brought about a discharge. There is no proof whatever in this case that defendant took any part in the release of plaintiff.

[7] There was no arraignment or hearing of any kind before a court of competent jurisdiction. In brief, so far·as affects defendant, there never was a prosecution, malicious or otherwise. Wheeler v. Nesbitt et al., 24 How. 544, 16 L. Ed. 765; Stewart v. Sonneborn, 98 U. S. 187, 25 L. Ed. 116; Whitten v. Bennett, 86 Fed. 405, 30 C. C. A. 140; Kline v. Hibbard, 80 Hun, 50, 29 N. Y. Supp. 807, affirmed 155 N. Y. 679, 49 N. E. 1099; Halberstadt v. New York Life Insurance Co., 194 N. Y. 1, 86 N. E. 801, 21 L. R. A. (N. S.) 293, 16 Ann. Cas. 1102; Ingram v. Root, 51 Hun, 238, 3 N. Y. Supp. 858; Apgar v. Woolston, 43 N. J. Law, 57; Thomason v. De Mott, 18 How. Prac. 529; Ragsdale v. Bowles, 16 Ala. 62; Carpenter v. Nutter, 127 Cal. 61, 59 Pac. 301.

In view of the foregoing, we deem it unnecessary·to discuss other assignments of error, and in view of the undisputed facts it is plain that, on a new trial, plaintiff cannot recover. While, therefore, we have no power to dismiss the complaints (Slocum v. New York Life Ins. Co., 228 U. S. 364, 33 Sup. Ct. 523, 57 L. Ed. 879, Ann. Cas. 1914D, 1029), the judgments are reversed, with the direction to the District Court upon the new trial to dismiss the complaints for failure to allege the termination of the alleged malicious prosecution. as pointed out supra.