## BREEN v. SHATZ.

Court of Appeals of Kentucky.

May 7, 1954.

S. J. Stallings, Louisville, for appellant.

S. Arnold Lynch, Louisville, for appellee.

COMBS, Justice.

In an action for malicious prosecution growing out of certain criminal proceedings, the plaintiff, Nora Breen, filed an amended petition seeking additional damages on the ground that subsequent to the filing of plaintiff's petition the defendant, Shatz, had filed a civil action against her which had been terminated in her favor in circuit court. The defendant, by appropriate pleading, stated that an appeal was pending in this court from the judgment entered in the civil action and moved that plaintiff's amended petition be dismissed on that ground. The motion was sustained and plaintiff has appealed.

It is conceded, in effect, that ordinarily an action for malicious prosecution, based on a prior civil action, will not lie during the pendency of an appeal from the judgment rendered in the first action. Appellant contends, however, that this rule does not apply here because Shatz has not executed a supersedeas bond and no order of supersedeas has been issued in connection with his appeal.

As we view the matter, the failure of Shatz to execute a supersedeas bond in connection with his appeal from the judgment in the first action is immaterial. In fact, there was nothing which could have been superseded except the judgment for costs, which apparently has already been paid by him. Shatz had brought a suit against the appellant here and judgment had been entered in her favor. Under these circumstances, and in the absence of a controversy about the costs of the action, the execution of a supersedeas bond by him would have been a useless gesture.

We are of the opinion that the general rule is applicable here, and that appellant cannot maintain a suit for malicious prosecution based upon the prior civil action so long as an appeal is pending in this court from the judgment entered in that action. See 54 C.J.S., Malicious Prosecution, § 56, page 1024; Liverpool & London & Globe Insurance Co. v. Wright, 166 Ky. 159, 179 S.W. 49; Spring & Stepp v. Besore, 12 B. Mon. 551, 51 Ky. 551; Union Bank & Trust Co. v. Edwards, 281 Ky. 693, 137 S.W.2d 344.

The judgment is affirmed.