J. Irwin Shapiro, J.
This is a motion by the defendants Harry L. G-ilman, Kate G-ilman, Shirley Bomber and George G-ilman to dismiss the first and second causes of action in the complaint on the ground that the one-year Statute of Limitations applicable to an action to recover damages for malicious prosecution bars the maintenance of said causes of action, and to strike from the third cause of action the incorporation by reference therein of the allegations contained in the first and second causes of action.
Service of the summons and complaint in this action was made on the moving defendants during the month of December, 1966. The complaint sets forth a derivative stockholders’ action brought on behalf of the defendant G-abor Holding Corp. and of the latter’s wholly-owned corporation, Fun Fair Park, Inc., for damages by reason of the institution of certain bankruptcy proceedings against Fun Fair Park, Inc. (first and second causes of action) and for an accounting with respect to certain other transactions affecting Fun Fair Park, Inc. (third cause of action).
Plaintiffs in their complaint allege that they own 50% of the outstanding stock of the defendant Gabor Holding Corp. and that the defendants Gilman own the remaining 50%, and that plaintiffs Lander and defendants G-ilman comprise all of the officers and directors of both of said corporate defendants.
The first cause of action alleges that pursuant to a conspiracy between defendants Gilman and other defendants an involuntary bankruptcy proceeding was instituted in the United States District Court for the Eastern District of New York on March 18, 1964 by the defendants Alberti, Lijac Amusement Corp. and DeTurris against defendant Fun Fair Park, Inc.; that defendant Harry G-ilman filed an answer and petition for an arrangement in said proceedings as president of the defendant Fun Fair Park, Inc., and that ‘ ‘ all said bankruptcy proceedings were instituted *67 and prosecuted by defendants herein maliciously and without probable cause, and willfully, recklessly and wantonly”; that the involuntary petition in bankruptcy and the petitions for an arrangement were dismissed by a bankruptcy court Referee and that the order of dismissal was adjourned by a Judge of the United States District Court.
The second cause of action is substantially the same except that it deals with an involuntary petition in bankruptcy filed in the United States District Court for the Southern District of New York on October 26, 1964 by three of the other defendants in this case and that the involuntary petition in that case was dismissed by an order of the United States District Court on April 9, 1965, and a subsequent motion to vacate that order of dismissal was denied by an order made on April 28, 1965.
The plaintiffs do not deny that their first and second causes of action are designed or intended to set forth causes of action to recover damages for malicious prosecution within the traditional framework of that tort and that they are, therefore, governed by CPLR 215 (subd. 3) which prescribes a one-year Statute of Limitations for ‘ ‘ an action to recover damages for * * * malicious prosecution ”. It is undenied that this action was started more than one year after the dismissal of each of the bankruptcy proceedings and the entry of an order on such dismissals. The plaintiffs oppose the motion to dismiss predicated upon the short one-year Statute of Limitations upon two grounds: (1) that this action for malicious prosecution would not lie during the pendency of the appeal from the orders of dismissal and that since said appeal was not determined until January 3, 1966, this action was timely begun, and (2) that the defendant Harry Gilman for the year commencing with the dismissals of the bankruptcy petitions made several trips outside the State, absenting himself from three to seven days on each such occasion, and that, therefore, CPLR 207, which provides in part that “ If, when a cause of action accrues against a person, he is without the state, the time within which the action must be commenced shall be computed from the time he comes into or returns to the state ” is applicable.
Taking up these contentions in their inverse order, it must be noted that CPLR 207, to which the plaintiffs refer, provides that that section does not apply (subd. 3) “while jurisdiction over the person of the defendant can be obtained without personal delivery of the summons to him within the state ” and that could have been done in this case. Furthermore, CPLR 207 is only applicable where the person against whom the cause of action has accrued departs from the State after the accrual of such *68 cause of action 1 ‘ and remains continuously absent therefrom for four months or more ”. It is not contended by the plaintiffs that that is the situation here. Hence that ground for opposing the motion to dismiss lacks merit.
Adverting now to the contention that the plaintiffs could not have instituted this action for malicious prosecution while the appeal of the defendants was pending in the United States Court of Appeals, sustenance is sought to be drawn from Nebenzahl v. Townsend (10 Daly 232, 61 How. Prac. 353). Admittedly that case did so hold, but the Court of Appeals in Marks v. Townsend (97 N. Y. 590) did not accept the reasoning of Judge Daly in the Court of Common Pleas, holding that an action to recover damages for malicious prosecution would not be prematurely commenced while an appeal was pending.
In Reed Co. v. International Container Corp. (43 F. Supp. 644), an action to recover damages predicated on the malicious and fraudulent institution of a groundless involuntary bankruptcy proceeding against the plaintiff corporation was set forth in the complaint. At the time of that decision the Statute of Limitations for malicious prosecution actions was two years. Holding that though an appeal had been taken from an interlocutory order in the bankruptcy proceedings, the limitation provided in the statute was not extended by reason of the pendency of the appeal, the court said (p. 645): “The decision of the question is governed by New York law. Under this law, the cause of action accrues when the plaintiff first becomes entitled to maintain the action. Cary v. Koerner, 200 N. Y. 253, 259, 93 N. E. 979. In the present case, the plaintiff first became entitled to maintain the action on Jan. 21, 1939, when the bankruptcy petition was finally dismissed, and this was so regardless of whether an appeal from the dismissal was taken or not. Marks v. Townsend, et al., 97 N. Y. 590; Assets Collecting Company v. Myers, 167 App. Div. 133, 152 N. Y. S. 930, affirmed Assets Collecting Co. v. Goldsmith, 225 N. Y. 631, 121 N. E. 854.”
Chance v. Guaranty Trust Co. (164 Misc. 346, affd. 251 App. Div. 855) is distinguishable upon two grounds. Firstly, the affirmance by the Appellate Division without opinion was merely an adoption of the result arrived at in the court below and it was not necessarily an adoption of its reasoning. Secondly, in that case the corporation, while under the control of the Federal court, was immune from suit by reason of the injunction provisions contained in the proceedings and, consequently, the limitations period was necessarily suspended during that time.
*69 Accordingly, the first and second causes of action set forth in the complaint are barred by the one-year Statute of Limitations and must be dismissed.
The motion of the defendants is, therefore, granted to the extent of dismissing the first and second causes of action without leave to plead the same over and with leave to the plaintiffs to serve an amended complaint setting forth allegations appropriate to the third cause of action and without inclusion therein of any of the allegations contained in the first and second causes of action, except insofar as it may be necessary to allege them to set forth a cause of action.