682 P.2d 1156

**Dale MORAN and Sally Moran, husband and wife, Plaintiffs-Appellants,**

v.

**A. Alan KLATZKE and Michaelle Klatzke, husband and wife, Defendants-Appellees.**

**No. 1 CA–CIV 7288.**

Court of Appeals of Arizona, Division 1, Department C.

June 5, 1984.

**490**

Thornton W. Price III, Ltd. by Thornton W. Price III, Phoenix, for plaintiffs-appellants.

Monbleau, Vermeire & Turley, P.C. by Albert R. Vermeire and Christopher J. Bork, Phoenix, for defendants-appellees.

## OPINION

HAIRE, Judge.

This is an appeal from the dismissal without prejudice of appellants' complaint for malicious prosecution. The dispositive issue on appeal is whether a claim for malicious prosecution accrues at the time the trial court renders its final judgment in the action which forms the basis for the malicious prosecution action notwithstanding a pending appeal from that judgment. By its order of dismissal, the trial court ruled that the claim did not accrue while the appeal was pending.

The action which forms the basis for the malicious prosecution claim was filed in

1980 by appellees, Alan and Michaelle Klatzke, Maricopa County Cause No. C–422137. In that action the trial court granted judgment in favor of the appellants on July 27, 1982. The appellees filed a timely notice of appeal from that judgment with the Court of Appeals, 140 Ariz. 492, 682 P.2d 1159.

On March 15, 1983, after the appellees had filed their notice of appeal, appellants filed an action for malicious prosecution against the appellees based on their action in C–422137. Appellees filed a motion to dismiss the complaint on the grounds that the claim for malicious prosecution had not accrued because of the pending appeal in the prior action, C–422137. The trial court granted appellees' motion to dismiss without prejudice.

■■■ We note that an essential element of a malicious prosecution claim [1] is that the prior proceedings must have terminated in favor of the person against whom they were brought. *Overson v. Lynch*, 83 Ariz. 158, 317 P.2d 948 (1957). A malicious prosecution action does not accrue until the prior proceedings have terminated in the defendant's favor. *Nataros v. Superior Court of Maricopa County*, 113 Ariz. 498, 557 P.2d 1055 (1976); *Owen v. Shores*, 24 Ariz.App. 250, 537 P.2d 978 (1975). If an action for malicious prosecution is filed prior to a favorable termination of the proceedings, the action is premature and subject to dismissal. *Nataros v. Superior Court, supra; Owen v. Shores, supra.* Thus we must decide whether the filing of an appeal prevents the prior action from terminating in favor of appellants.

This is a question of first impression in this jurisdiction. There are, however, ample authorities concerning this question in treatises and decisional law from other jurisdictions.

■■■ The *Restatement (Second) of Torts* § 674 comment j (1977), in commenting on

---

**1.** The elements of malicious prosecution are: (1) litigation instituted by defendant; (2) termination of proceedings in favor of the plaintiff; (3) absence of probable cause; and (4) presence of malice, i.e., improper motive. *Nataros v.* *Superior Court of Maricopa County*, 113 Ariz. 498, 557 P.2d 1055 n. 1 (1976); *Ackerman v. Kaufman*, 41 Ariz. 110, 15 P.2d 966 (1932); *Visco v. First National Bank of Arizona*, 3 Ariz.App. 504, 415 P.2d 902 (1966).

the requirement in § 674(b) that "the proceedings [must] have terminated in favor of the person against whom they are brought," states:

"A favorable adjudication may be by a judgment rendered by a court after trial, or upon demurrer or its equivalent. In either case the adjudication is a sufficient termination of the proceedings, unless an appeal is taken. *If an appeal is taken, the proceedings are not terminated until the final disposition of the appeal and of any further proceedings that it may entail.*"

(Emphasis added).

In the absence of contrary authority the Arizona courts will follow the *Restatement (Second) of Torts. Fendler v. Phoenix Newspapers, Inc.,* 130 Ariz. 475, 636 P.2d 1257 (App.1981); *Barnum v. Rural Fire Protection Co.,* 24 Ariz.App. 233, 537 P.2d 618 (1975); *MacNeil v. Perkins,* 84 Ariz. 74, 324 P.2d 211 (1958).

Our research reflects a conflict in the case law from other jurisdictions on the question of whether a favorable termination of the prior proceeding occurs upon rendition of the judgment in the prior proceeding as opposed to the termination of appeal proceedings. However, the Restatement represents the majority view. *See, e.g., Mattingly v. Whelden,* 435 N.E.2d 61 (Ind.App.1982); *Commercial Credit Corp. v. Ensley,* 148 Ind.App. 151, 264 N.E.2d 80 (1970); *Parisi v. Michigan Townships Association,* 123 Mich.App. 512, 332 N.W.2d 587 (1983); *Breen v. Shatz,* 267 S.W.2d 942 (Ky.App.1954); *Cazares v. Church of Scientology of Calif,* 444 So.2d 442 (Fla. App.1983); *Reynolds v. De Geer,* 13 Ill.

App. 113 (1883); *Nebenzahl v. Townsend,* 61 How.Pr. 353, 10 Daly 232 (N.Y.1881); *Ingram v. Root,* 51 Hun. 238, 3 N.Y.S. 858 (1889); *Howell v. Edwards,* 30 N.C. (8 Ired.) 516 (1848); *Luby v. Bennett,* 111 Wis. 613, 87 N.W. 804 (1901).[2] An annotation in 41 A.L.R.2d 863 (1955) recognizes the fact that the majority of jurisdictions follow the rule that the pendency of an appeal precludes a malicious prosecution action, stating:

"What appears to be the better view, namely, that the pendency of an appeal from the judgment in a civil action precludes maintenance of a suit for malicious prosecution (in the sense of constituting a ground for dismissal of such suit) based on such civil action, is supported by what may be legitimately termed the weight of authority."

*See also* 54 C.J.S. *Malicious Prosecution* § 56 at 1024 (1948) ("The general rule seems to be that the action will not lie during the pendency of an appeal from a judgment rendered in the proceedings complained of ...."); 52 Am.Jur.2d *Malicious Prosecution* § 44 at 212 (1970) ("Generally, however, where an appeal has been taken from the judgment rendered in the allegedly malicious suit, the pendency of the appeal precludes the maintenance of an action for malicious prosecution, since the proceedings are not considered terminated until after the rendition of judgment in the appellate court"). We find that the cases and treatises following the majority view are sound and well reasoned, and therefore we will follow the majority rule.[3]

Appellants argue that sound policy reasons support a conclusion that a malicious

---

**2.** Appellants argue that:

"The few authorities which hold that pendency of an appeal is sufficient reason to dismiss a cause of action for malicious prosecution are antiquated and not well reasoned, [citing] *Peck v. Hotchkiss,* 52 How.Pr. 226 (N.Y.1874); *Ingram v. Root,* 51 Hun. 238, 3 N.Y.S. 858 (1889); *Nebenzahl v. Townsend,* 61 How.Pr. 353, 10 Daly 232 (N.Y.1881); *Reynolds v. De Geer,* 13 Ill.App. 113 (1883); *Sutton v. Van Akin,* 51 Mich. 463, 16 N.W. 814 (1883)."

Appellant has apparently failed to discover the contemporary cases cited above.

**3.** Appellants cite only one authority to support their proposition that a malicious prosecution action can be brought during the pendency of an appeal, namely *Lander v. Gilman,* 278 N.Y. S.2d 149, 53 Misc.2d 65 (1967); *See also Marks v. Townsend,* 97 N.Y. 590 (1885). New York apparently follows the minority rule which we decline to follow. *But see Peck v. Hotchkiss,* 52 How.Pr. 226 (N.Y.1874); *Nebenzahl v. Townsend,* 61 How.Pr. 353, 10 Daly 232 (N.Y.1881); *Ingram v. Root,* 51 Hun. 238, 3 N.Y.S. 858 (1889) for authority in New York following the majority view.

prosecution action accrues when the trial court renders its final judgment notwithstanding a pending appeal. Appellants contend that postponing the date that a malicious prosecution accrues until an appeal is disposed of will encourage plaintiffs in the underlying action to file frivolous appeals to delay defendants' malicious prosecution action. In considering this contention, we first note that remedies are available to discourage the filing of frivolous appeals. *See* Rule 25, Arizona Rules of Civil Appellate Procedure.[4] Additionally, in our opinion the majority rule advances a more compelling policy interest. The majority rule prevents repetitive and unnecessary litigation. It would be a waste of judicial resources to allow the plaintiff in the malicious prosecution action to prosecute his claim only to have it rendered meaningless if later the appeal of the underlying action is decided against him. *See Parisi v. Michigan Townships Ass'n, supra,* 332 N.W.2d at 591.

We hold that the trial court properly dismissed the appellants' malicious prosecution action without prejudice, since there had been no favorable termination in favor of the complaining party.

Appellees have requested that this court award them attorney's fees pursuant to Rule 25, Arizona Rules of Civil Appellate Procedure, because appellants' appeal is frivolous. We do not find appellants' appeal to be frivolous because this case presents a question of first impression in this jurisdiction and there is a minority view that supports appellants' position. Appellees' request for attorney's fees is therefore denied.

The trial court's dismissal of appellants' complaint is affirmed.

CONTRERAS, P.J., and GREER, J., concur.

4. Rule 25 reads as follows:
    "Where the appeal is frivolous or taken solely for the purpose of delay, or where a motion is frivolous or filed solely for the purpose of delay, or where any party has been guilty of an unreasonable infraction of these rules, the appellate court may impose upon the offending attorneys or parties such reasonable penalties or damages (including contempt, withholding or imposing of costs, or imposing of attorneys' fees) as the circumstances of the case and the discouragement of like conduct in the future may require."