682 P.2d 1159

**A. Alan KLATZKE and Michaelle Klatzke, husband and wife, Plaintiffs-Counterdefendants and Appellants,**

**v.**

**Dale MORAN and Sally Moran, husband and wife; and Larry Spillman and Maria Spillman, husband and wife, Defendants-Counterclaimants and Appellees.**

**No. 1 CA–CIV 6713.**

Court of Appeals of Arizona,
Division 1, Department D.

June 5, 1984.

Reconsideration Denied Jan. 19, 1984.

Review Denied April 3, 1984.

---

Lewis and Roca by Paul G. Ulrich, Phoenix, for plaintiffs-counterdefendants and appellants.

Thornton W. Price III, Ltd. by Thornton W. Price III, Phoenix, for defendants counterclaimants and appellees.

## OPINION

MEYERSON, Judge.

This court ordinarily disposes of claims for attorney's fees by unpublished orders. Because this case raises an issue not expressly addressed in the Arizona Rules of Civil Appellate Procedure (Rule), we have designated this matter as an opinion.

In a memorandum decision issued on November 22, 1983, this court affirmed a judgment against appellants, A. Alan Klatzke and Michaelle Klatzke (referred to herein collectively as Klatzke) and in favor of appellees Dale and Sally Moran and Larry and Maria Spillman (referred to herein collectively as Moran) in the amount of $200. Attorney's fees and costs were also awarded to Moran in the amount of $10,-791.

Following our decision, Moran filed a timely statement of costs which included a claim for attorney's fees pursuant to Rule 21(c). Klatzke filed objections. We subsequently entered our order awarding costs and attorney's fees to Moran for work performed on appeal. In the interim, Klatzke filed a motion for reconsideration and Moran filed a response to this motion. The motion for reconsideration was denied on January 19, 1984.

Klatzke then filed a petition for review. On March 12, 1984, Moran filed a response to the petition for review which included a claim for additional attorney's fees for work performed in connection with filing the responses to the motion for reconsideration and the petition for review. Klatzke objected to Moran's claim for additional attorney's fees.

■ The claim for additional attorney's fees raises the question of the appropriate procedure and timing for submitting a claim for attorney's fees in connection with post-decision pleadings filed in the court of appeals. Under the recent amendments to the rules, a request for attorney's fees should be made in the "briefs on appeal or by written motion filed and served prior to oral argument or submission of the appeal." Rule 21(c)(1). Thus, the rules contemplate that the entitlement to fees should be determined in the court's decision and the amount of such fees is to be decided upon the submission of the statement of costs. Fees for legal services performed up to the time of the court's disposition are to be itemized in the statement of costs, Rule 21(c)(1), which is to be filed within ten days after the clerk has given notice that a decision has been rendered. Rule 21(a). Although legal services performed in connection with preparing post-decision pleadings are properly compensable, *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183, 673 P.2d 927, 932 (App.1983), the rules do not expressly establish a procedure for submitting a claim for such services.

Rule 21(d) permits the court of appeals to rule on a timely filed statement of costs including a statement for attorney's fees, even though a petition for review has been filed. This rule provides that when this court awards costs or fees against a party after the filing of a petition for review, the party may request that the supreme court

review the objections made to the award as part of the pending petition for review proceeding. Thus, the rules require that the court of appeals dispose of the fee portion of the post-appeal proceedings prior to consideration by the supreme court of the petition for review.

 For this court to timely dispose of any supplemental claim for attorney's fees, the procedure set forth in this opinion should be followed. Claims for fees relating to the response to the motion for reconsideration should be filed simultaneously with the response. This pleading should be captioned: "Response to Motion for Reconsideration and Supplemental Statement of Costs." In this way, the court will be able to rule on the motion for reconsideration and consider the claim for supplemental legal fees at the same time. It is contemplated that the initial statement of costs will be considered at this time as well. The supplemental statement of costs should be brief because it will be limited to itemizing only those legal services pertaining to filing the response to the motion for reconsideration.[1]

In the present case, the supreme court denied Klatzke's petition for review and ordered that Moran's claim for fees be referred to this court for determination. Moran requested costs in the amount of $124.30 and fees in the amount of $1,167 representing 19.45 hours of work performed in connection with responding to the motion for reconsideration, replying to the objections to the statement of costs and responding to the petition for review. In conformance with our decision in *Schweiger v. China Doll Restaurant Inc.*, counsel's affidavit states that the fee agreement between Moran and counsel provides that Moran has agreed to pay for legal services at the rate of $60 per hour.

 In view of our holding, Moran's claim for fees in connection with the response to the motion for reconsideration is untimely.[2] As to fees claimed for the petition for review, Klatzke argues that the fee request was premature because it was filed simultaneously with the response to the petition for review, and therefore prior to the supreme court's order denying the petition for review. Because the supreme court has referred the determination of the fee issue to us, and there being no objection to the reasonableness of the fees requested, we grant Moran fees in the amount of $540 and costs in the amount of $22 relating to the response to the petition for review.

The guidelines set forth herein are intended to serve until such time as the supreme court may adopt amendments to Rule 21 to provide procedures governing claims for post-decisional attorney's fees.

HAIRE, P.J., and EUBANK, J., concur.

---

1.  The supplemental statement of costs may also include time spent preparing the statement of costs and a reply to any objection to the statement filed by the opposing party.

2.  Even under the most liberal interpretation of the rules, Moran's fee claim for the motion for reconsideration was untimely. Rule 21(a) provides that the statement of costs, which may include a claim for attorney's fees, must be filed within ten days of our decision. If "decision" were interpreted to include an order denying a motion for reconsideration, Moran's request was approximately six weeks late. An order denying a motion for reconsideration, however, is not a "decision." *See* Rules 2(a), 20.