■ MARY A. SPINALE et al., Appellants, v CAROLE GUEST et al., Respondents. [704 NYS2d 46] —Order, Supreme Court, New York County (Edward Lehner, J.), entered January 15, 1999, which, in an action by residents of a cooperative apartment against the residents of another apartment for defamation,

malicious prosecution and intentional infliction of emotional distress, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Plaintiffs do not challenge the dismissal of the defamation claim as time-barred by the one-year Statute of Limitations (CPLR 215 [3]). The malicious prosecution claim is time-barred because it was not commenced within one year (CPLR 215 [3]) of the dismissal of the underlying ejectment action against plaintiffs, notwithstanding that an appeal was taken (*Lander v Gilman*, 53 Misc 2d 65, 68). The intentional infliction of emotional distress is time-barred absent an allegation that defendants did anything in the one-year period prior to the commencement of the instant action (CPLR 215 [3]; *Gallagher v Directors Guild*, 144 AD2d 261, *lv denied* 73 NY2d 708) sufficient on its own to state a claim therefor (*Mariani v Consolidated Edison Co.*, 982 F Supp 267, 274). In any event, the malicious prosecution and intentional infliction of emotional distress claims lack merit. Concerning the former, the evidence that defendants told the coop board that they would commence an action against the board if it failed to enforce plaintiffs' compliance with a house rule does not raise an issue of fact as to whether defendants, who were not members of the board, were the "moving cause" behind the board's ejectment action against plaintiffs (59 NY Jur 2d, False Imprisonment, § 58, at 320). Concerning the latter, as the motion court held, even assuming that defendants' complaints about noise were motivated by a desire to retaliate for plaintiffs' complaints about balcony barbecuing, defendants' lodging of complaints with the board and alleged instigation of an ejectment action do not rise to the "atrocious and intolerable" level of conduct necessary to make out such cause of action (*Freihofer v Hearst Corp.*, 65 NY2d 135, 143). Concur—Nardelli, J. P., Williams, Ellerin, Wallach and Saxe, JJ.