■ RODERICK W. CIFERRI, III, et al., Appellants, v STATE OF

New York et al., Respondents.—In an action to recover damages for malicious prosecution, claimants appeal from an order of the Court of Claims (McCabe, J.), entered November 7, 1984, which granted the defendants' motion to dismiss the claim pursuant to CPLR 3211 (a) (5).

Order affirmed, with costs.

The criminal charges underlying the claimants' cause of action for malicious prosecution were dismissed in their entirety on July 26, 1983. The claimants timely filed a notice of intention to file a claim on October 13, 1983. However, they did not file the claim itself until August 9, 1984. The defendants moved to dismiss the claim as barred by the Statute of Limitations.

In suing the State for an intentional tort committed by its employees the claimants are bound by the one-year Statute of Limitations of CPLR 215 *(see, Trayer v State of New York,* 90 AD2d 263, 268; *Pappalardo v State of New York,* 109 AD2d 873).* This period begins to run upon dismissal of the charges by the trial court *(see, Karen v State of New York,* 111 Misc 2d 396, 399-400; *Marks v Townsend,* 97 NY 590, 595). Therefore, the claimants' failure to file their claim for malicious prosecution within one year of the dismissal of the criminal charges against them bars their claim as untimely.

The claimants' contention that their timely notice of intention to file a claim should be treated as a claim itself is without merit because the notice does not contain the necessary information *(see,* Court of Claims Act § 11; *Pappalardo v State of New York, supra; Matter of Sarlat v State of New York,* 119 Misc 2d 369, 370). Brown, J. P., Weinstein, Niehoff and Eiber, JJ., concur.