■ Joseph Zagarella, Jr., Appellant, v State of New York, Respondent. (Claim No. 68308.)—In a claim, inter alia, to recover damages for malicious prosecution, the claimant appeals from a judgment of the Court of Claims (McCabe, J.), dated July 1, 1987, which is in favor of the State and against him, after a nonjury trial.

Ordered that the judgment is affirmed, without costs or disbursements.

We concur with the trial court's determination that the cause of action to recover damages for malicious prosecution accrued on January 20, 1983, when the prosecutor consented

to dismissal of the charges against the claimant in the underlying criminal proceeding *(cf., Ciferri v State of New York,* 118 AD2d 676). The claimant failed to file a claim or a notice of intention to file a claim within 90 days of that date and the time within which an application to file a late claim may be granted has elapsed *(see,* Court of Claims Act § 10 [3-b] [former § 10 (3)]; § 10 [6]). The failure to comply with the statutory procedures for serving and filing a claim is a jurisdictional defect, and the claim was properly dismissed *(see, Byrne v State of New York,* 104 AD2d 782, *lv denied* 64 NY2d 607).

We further note that so much of the claim as alleged a violation of the claimant's civil rights pursuant to 42 USC § 1983 did not state a cause of action since that section does not give rise to a claim against the State *(see, Davis v State of New York,* 124 AD2d 420; *Matter of Thomas v New York Temporary State Commn. on Regulation of Lobbying,* 83 AD2d 723, *affd* 56 NY2d 656). Thompson, J. P., Bracken, Brown and Rubin, JJ., concur.