■ STEVEN YOHAY et al., Respondents, v MARTIN, VAN DE WALLE, GUARINO & DONOHUE, Appellant.—In an action, *inter alia,* to recover a penalty due to the defendant's failure to execute and file a satisfaction piece, the defendant appeals

from an order of the Supreme Court, Nassau County (Murphy, J.), dated September 27, 1988, which denied its motion for summary judgment.

Ordered that the order is modified, on the law, (1) by deleting therefrom the provision which denied those branches of the defendant's motion which were to dismiss the causes of action sounding in prima facie tort and abuse of process and for a mandatory injunction compelling the defendant to execute and file a satisfaction piece, and substituting therefor a provision granting those branches of the motion, and, (2), upon searching the record, by adding thereto a provision granting the plaintiffs judgment against the defendant in the principal sum of $100; as so modified, the order is affirmed, without costs or disbursements.

The plaintiffs' complaint does not disclose a cause of action in prima facie tort since they failed to allege that the defendant's sole motivation was " 'disinterested malevolence' " *(Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 333; *Siegel v Smith, Panish & Shapiro,* 136 AD2d 620). Neither are there sufficient facts alleged which would lead to an inference that (1) there was regularly issued legal process compelling performance or forbearance of some act, (2) the person activating the process was moved by an ulterior purpose to cause harm, without economic or social excuse or justification, (3) the person activating the process sought some collateral advantage or corresponding detriment to the present plaintiff which is outside the legitimate ends of the process, and (4) there were actual or special damages, which would support a cause of action alleging the tort of abuse of process *(see, Board of Educ. v Farmingdale Classroom Teachers Assn.,* 38 NY2d 397, 403; *Williams v Williams,* 23 NY2d 592, 596; *Hauser v Bartow,* 273 NY 370, 374). Therefore, the court erred in denying the defendant's motion to dismiss the complaint to the extent that it asserts those causes of action. In addition, the claim for a mandatory injunction to compel the defendant to execute and file a satisfaction piece pursuant to CPLR 5020 (a) is academic since the record discloses that it was filed after the commencement of the action.

However, upon searching the record *(see,* CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110), we find that the plaintiffs are entitled to summary judgment on their claim for a civil penalty pursuant to CPLR 5020 (c). That provision imposes a duty on the judgment creditor to execute and file a satisfaction piece pursuant to CPLR 5020 (a) and (d) when the judgment is fully satisfied. If

the person required to file a satisfaction piece fails or refuses to do so within 20 days, a penalty of $100 is recoverable by the judgment debtor. The record is undisputed that the defendant *failed* to meet the 20-day deadline imposed by the statute and is thus liable to the plaintiffs for the penalty. Bracken, J. P., Brown, Kunzeman and Kooper, JJ., concur.