■ VINCENT BUCCIERI, Respondent, v JARAD FRANZREB et al., Respondents, and FORDHAM UNIVERSITY, Appellant. [607 NYS2d 330] —Order, Supreme Court, Bronx County (Hansel McGee, J.), entered June 17, 1992, which denied the motion of defendant-appellant Fordham University to dismiss the complaint as against it, unanimously reversed, on the law, with costs, and the motion to dismiss is granted.

The complaint alleges that on September 28, 1989 defendant Franzreb, then a student at defendant-appellant Fordham University, and defendant James Muse, a security guard employed by IBI Security Service, Inc., which provided security services to Fordham pursuant to contract, reported to Fordham "agents" that they had been assaulted with a deadly weapon or dangerous instrument by the plaintiff, who was then a Fordham student. Thereafter Franzreb and Muse, at the urging of Fordham's agents, reported the assault to the police, and after the plaintiff voluntarily surrendered and was placed in a lineup, Franzreb identified plaintiff as his assailant. On October 4, 1989, plaintiff was released in his own recognizance by the Bronx Criminal Court, subject to an order of protection barring plaintiff from the Fordham campus. On April 5, 1990, the charges were dismissed by a Judge of the Bronx Criminal Court for reasons not specified in the record.

Plaintiff commenced the instant action on October 3, 1990. The complaint set forth five causes of action sounding in (1) intentional infliction of emotional distress, (2) malicious prosecution, (3) defamation, (4) abuse of process and (5) negligent supervision and conspiracy. Fordham moved to dismiss the complaint for failure to state a cause of action and on Statute of Limitations grounds. For reasons that follow, the motion to dismiss the complaint must be granted.

Liability for intentional infliction of emotional distress is predicated on "extreme and outrageous conduct, which so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society" *(Freihofer v Hearst Corp.,* 65 NY2d 135, 143). The only affirmative conduct alleged against Fordham is that after its agents received a report of an assault, those agents urged the victims to report the matter to the police, and aided one of the two victims in identifying his purported assailant. Since this conduct does not remotely approach the standard of behavior necessary to support a cause of action for intentional infliction of emotional distress, that cause of action should have been dismissed *(Burlew v American Mut. Ins. Co.,* 63 NY2d 412, 417).

The elements of a cause of action for malicious prosecution are the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, with malice and without probable cause, and termination of the proceeding in favor of the plaintiff *(Broughton v State of New York,* 37 NY2d 451, 457, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929). Fordham did not commence a criminal proceeding against the plaintiff, but rather urged Franzreb and Muse,

who reported that they had been assaulted by plaintiff, to report the matter to the police. Even if Fordham were responsible for commencement of the proceeding, the report that plaintiff was the assailant, and Franzreb's identification of plaintiff in a lineup, established probable cause, even if the identification was mistaken, absent any pleaded basis for Fordham's failure to make further inquiry *(Colon v City of New York,* 60 NY2d 78, 82).

Moreover, plaintiff's allegation that the complaint was dismissed, without pleading that it was dismissed on the merits, is insufficient to withstand Fordham's motion to dismiss this cause of action *(Witcher v Children's Tel. Workshop,* 187 AD2d 292 [1st Dept 1992]; *cf., Loeb v Teitelbaum,* 77 AD2d 92, *amended* 80 AD2d 838 [2d Dept 1981]; *Chmielewski v Smith,* 73 AD2d 1053 [4th Dept 1980]). Nor does the complaint set forth facts from which " 'actual malice',," i.e. "a wrong or improper motive" on the part of Fordham, might be reasonably inferred *(Nardelli v Stamberg,* 44 NY2d 500, 502, 503). Accordingly, the cause of action for malicious prosecution should have been dismissed. Plaintiff concedes that the cause of action for defamation is barred by the Statute of Limitations, and that cause of action is hereby dismissed.

The complaint failed to set forth facts that would either prove or lead to an inference that there was regularly issued legal process compelling performance or forebearance of some act, or that Fordham was moved to activate the process by an ulterior purpose to cause harm, without economic or social excuse or justification, two of the four elements of a cause of action for abuse of process *(see, Yohay v Martin, Van De Walle, Guarino & Donohue,* 156 AD2d 675, *lv denied* 75 NY2d 710). The complaint alleges no facts demonstrating that Fordham activated any legal process, or that Fordham was moved by an ulterior purpose to cause harm to the plaintiff when its agents urged Franzreb and Muse to report the incident to the police. Accordingly, the complaint failed to state a cause of action for abuse of process.

Nor does the complaint allege facts that would support a cause of action for negligent supervision of James Muse, even assuming that he was an employee of Fordham, instead of IBI Security Service, Inc., which was an independent contractor under the terms of its agreement with Fordham. Plaintiff concedes that New York does not recognize a cause of action in tort for conspiracy, and that conspiracy may be alleged only to connect a defendant to an otherwise actionable tort *(see, Monsanto v Electronic Data Sys. Corp.,* 141 AD2d 514). Since

the complaint sets forth no otherwise actionable tort, plaintiff's fifth cause of action must be dismissed together with the first four causes of action. Concur—Carro, J. P., Ellerin, Kupferman and Rubin, JJ.