■ Harold Scott, Appellant, v State of New York, Respondent. [611 NYS2d 645] —In a claim to recover damages for negligence and malicious prosecution, the claimant appeals, as limited by his brief, from so much of an order of the Court of Claims (McCabe, J.), dated April 19, 1991, as dismissed his claim.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the appellant's contention, we find that the court properly dismissed the two negligence causes of action. The appellant's failure to file a claim or a notice of his intention to file a claim within 90 days of the accrual of his negligence causes of action is a jurisdictional defect which

deprived the court of subject matter jurisdiction *(see,* Court of Claims Act § 10 [3]; *Pelnick v State of New York,* 171 AD2d 734; *Zagarella v State of New York,* 149 AD2d 503; *Byrne v State of New York,* 104 AD2d 782). Moreover, the State did not waive the jurisdictional defense asserted in its answer by subsequently attempting to withdraw it in its bill of particulars. Although the Court of Claims Act was amended in 1990 to provide that any defense based upon the failure to comply with the time limitations set forth in Court of Claims Act § 10 could be waived under certain circumstances, the amendment does not apply retroactively *(see,* Court of Claims Act § 11 [c]; *Pelnick v State of New York, supra; Charbonneau v State of New York,* 148 Misc 2d 891, *affd* 178 AD2d 815, *affd* 81 NY2d 721). When the appellant filed his claim, a jurisdictional defect arising out of the failure to comply with Court of Claims Act § 10 could not be waived.

We reject the appellant's contention that the court improperly dismissed his malicious prosecution cause of action. Although the claim was filed within one year of the dismissal of the criminal charges against the appellant and was thus timely *(see, Ciferri v State of New York,* 118 AD2d 676; *cf., Zagarella v State of New York, supra),* the court properly determined that the claim failed to state a cause of action for malicious prosecution. In this regard, we note that the claim failed to set forth facts from which actual malice, *i.e.,* a wrong or improper motive on the part of the State, could be reasonably inferred *(see, Nardelli v Stamberg,* 44 NY2d 500, 502-503; *Buccieri v Franzreb,* 201 AD2d 356; *see also, Ferrara v Guardino,* 164 AD2d 932, 933; *Mondello v Mondello,* 161 AD2d 690, *mod* 165 AD2d 867). Balletta, J. P., Copertino, Hart and Krausman, JJ., concur.