■ EUBY GRAHAM, Appellant, v CITY OF NEW YORK et al., Respondents. [720 NYS2d 452] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered on or about November 4, 1999, which, in an action for false arrest and imprisonment, malicious prosecution, negligent hiring and training of police officers and civil rights violations, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The action, which is based on the dismissal of an indictment that charged plaintiff with the murder of his wife and plaintiff's imprisonment for some 14 months during the pendency thereof, was properly dismissed upon a record demonstrating probable cause for plaintiff's warrantless arrest (*see, Broughton v State of New York*, 37 NY2d 451, 458, *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929) and subsequent prosecution (*see, Colon v City of New York*, 60 NY2d 78, 82). In particular, the arrest and imprisonment were sufficiently supported by unchallenged evidence that the only eyewitness to the murder, plaintiff's and the victim's four-year-old daughter, initially reported to the police that her father shot and strangled her mother, and that the victim's other, ten-year-old, daughter, reported to the police that she heard plaintiff's voice inside the apartment where the murder occurred as her mother begged for her life, and that plaintiff had physically abused her mother on a prior occasion (*see, Shapiro v County of Nassau*, 202 AD2d 358, *lv denied* 83 NY2d 760, quoting *People v Bigelow*, 66 NY2d 417, 423). The malicious prosecution cause of action was

properly dismissed for failure to raise an issue of fact that the indictment was procured by fraud, perjury, suppression of evidence or other police conduct undertaken in bad faith (*see, Colon v City of New York, supra,* at 83), or prosecuted after evidence came to light demonstrating the absence of probable cause. Although the four-year-old, some four months after the crime, testified in Family Court that her father was not at the scene, the prosecution still had the ten-year-old's statements, the neighbors' reports of marital discord between plaintiff and the victim, and the possibility that the four-year-old missed her father. Plaintiff's remaining causes of action were also properly dismissed. The civil rights claim is insufficient for failure to specifically set forth an official policy or custom that caused plaintiff to be deprived of a constitutional right (*see, Jackson v Police Dept.,* 192 AD2d 641, 642, *lv denied* 82 NY2d 658, *cert denied* 511 US 1004), and the record is simply devoid of evidence supporting the causes of action for assault by and inadequate training of police officers. Nor was the motion for summary judgment premature. Plaintiff had ample time to conduct the depositions he now wishes to take, and, in any event, shows nothing more than a " '[m]ere hope' " that further disclosure will uncover evidence sufficient to defeat the motion (*see, Jones v Surrey Coop. Apts.,* 263 AD2d 33, 38). Concur—Williams, J. P., Mazzarelli, Lerner, Rubin and Buckley, JJ.