■ MAXIMO MARTINEZ, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 93086.) [722 NYS2d 907] —In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Marin, J.), dated December 16, 1999, which granted the defendant's motion pursuant to CPLR 3211 to dismiss the claim.

Ordered that the order is affirmed, with costs.

The requirements of Court of Claims Act § 11 are jurisdictional and must be strictly construed, and failure to comply with the service requirements therein results in a lack of jurisdiction (*see, Finnerty v New York State Thruway Auth.,* 75 NY2d 721; *Pagano v New York State Thruway Auth.,* 235 AD2d 408). Here, the claimant's service of his notice of intention to file a claim by express mail was improper, as that is not one of the authorized methods of service under Court of Claims Act § 11 (a) (i) (*see, Turley v State of New York,* 279 AD2d 819; *Negron v State of New York,* 257 AD2d 652; *Hodge v State of New York,* 213 AD2d 766). Thus, no jurisdiction was acquired, and the claim was properly dismissed (*see,* Court of Claims Act § 10 [3]; *Scott v State of New York,* 204 AD2d 424). O'Brien, J. P., Friedmann, Goldstein and Smith, JJ., concur.