■ CORY GRANT et al., Respondents-Appellants, v BARNES & NOBLE, INC., et al., Appellants-Respondents, et al., Defendants. [726 NYS2d 543] —Order, Supreme Court, New York County (Kibbie Payne, J.), entered October 5, 2000, which granted the motion of defendants Barnes & Noble, Inc. and Sara Mays to reargue their prior motion for summary judgment, and, upon reargument, adhered to the prior order of the same court and Justice, entered May 5, 2000, granting said defendants' summary judgment motion to the extent of dismissing plaintiffs' first and fifth causes of action alleging false arrest and malicious prosecution and denying the motion to the extent that it sought dismissal of plaintiffs' second and fourth causes of action alleging deprivations of civil rights under 42 USC § 1983, unanimously modified, on the law, to the extent of granting defendants-appellants' motion for summary judgment dismiss-

ing plaintiffs' second and fourth causes of action, and otherwise affirmed, without costs. Appeal and cross appeal from the order entered May 5, 2000, unanimously dismissed, without costs, as superseded by the appeal and cross appeal from the October 5, 2000 order.

The motion court properly dismissed plaintiffs' claims for false arrest and malicious prosecution. Two eyewitnesses to the robbery identified plaintiffs as the perpetrators. Thus, probable cause existed for the arrest and prosecution of plaintiffs (*see, People v Morro*, 165 AD2d 719, *lv denied* 77 NY2d 964). Given the existence of probable cause for the arrests and prosecution, the claims for false arrest and malicious prosecution must fail (*see, Graham v City of New York*, 279 AD2d 435; *Akande v City of New York*, 275 AD2d 671; *Minott v City of New York*, 203 AD2d 265, *lv dismissed* 83 NY2d 1000). Moreover, the evidence shows merely that defendant Mays gave certain information to the police, or encouraged others to do so. Such behavior is not actionable (*see, Du Chateau v Metro-North Commuter R. R. Co.*, 253 AD2d 128, 131; *Celnick v Freitag*, 242 AD2d 436; *Buccieri v Franzreb*, 201 AD2d 356, 357-358). Plaintiffs' speculation that Mays may have acted more culpably than the record indicates is insufficient to raise a triable issue of material fact (*see, Zuckerman v City of New York*, 49 NY2d 557, 563).

Since plaintiffs' 42 USC § 1983 causes for violation of their civil rights are predicated exclusively on their legally untenable claims for false arrest and malicious prosecution, the 42 USC § 1983 causes are also untenable and should also have been dismissed (*see, Zwecker v Clinch*, 279 AD2d 572; *Kandekore v Town of Greenburgh*, 243 AD2d 610, *lv denied* 91 NY2d 810). Concur—Rosenberger, J. P., Williams, Tom, Andrias and Marlow, JJ.