■ Elizabeth M. Goudie, Appellant, v State of New York, Respondent. (Claim No. 97194.) [737 NYS2d 539] —In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Mignano, J.), dated May 10, 2001, which granted the defendant's motion to dismiss the claim pursuant to CPLR 3211 (a) (2), and denied her cross motion, inter alia, for leave to file a late claim.

Ordered that the order is affirmed, with costs.

The Court of Claims properly granted the defendant's motion to dismiss the claim, as the claimant did not timely file the claim in accordance with Court of Claims Act § 10 (3), and properly denied that branch of the claimant's cross motion which was for leave to file a late claim as the claimant did not seek such leave within the time provided in Court of Claims Act § 10 (6). The defendant pleaded in its answer the jurisdictional defense set forth in Court of Claims Act § 11 (c) with sufficient particularity, and the record does not support the claimant's contention that the defendant subsequently waived the jurisdictional defense. "Waiver is an intentional relinquishment of a known right and should not be lightly presumed" (Gilbert Frank Corp. v Federal Ins. Co., 70 NY2d 966, 968). The defendant's conduct in connection with the preliminary

conference order was not sufficient to constitute an intentional relinquishment of the defense. In any event, a failure in the subject matter jurisdiction of the court cannot be waived (*see, Finnerty v New York State Thruway Auth.,* 75 NY2d 721, 723; *Dreger v New York State Thruway Auth.,* 81 NY2d 721), except as provided in Court of Claims Act § 11 (c).

The claimant's remaining contentions are without merit. Krausman, J.P., Luciano, Adams and Townes, JJ., concur.