■ COUNTY OF NASSAU, Respondent, v MICHAELE K. CANAVAN, Appellant. [756 NYS2d 98] —In a civil forfeiture action pursuant to Administrative Code of the County of Nassau § 8-7.0 (g), the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Roberto, J.), dated August 22, 2001, as denied her motion for summary judgment dismissing the complaint and granted the plaintiff's cross motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted and the cross motion is denied.

On September 6, 2000, the defendant was arrested, inter

alia, for driving while intoxicated and speeding. Upon the defendant's arrest, her vehicle, a 1995 Saturn, valued at $6,500, was seized. The defendant was notified by the police that the vehicle might be the subject of a forfeiture action. On September 25, 2000, the County of Nassau (hereinafter County) determined to seek forfeiture of the Saturn and so notified the defendant. On November 3, 2000, the defendant entered a plea of guilty to Vehicle and Traffic Law § 1192 (1), driving while impaired, and Vehicle and Traffic Law § 1180 (a), speeding, which are both traffic infractions. The defendant was fined a total of $400 and her driver's license was suspended for 90 days.

After the defendant demanded the return of the Saturn vehicle, the County commenced the instant action pursuant to Administrative Code of the County of Nassau § 8-7.0 (g) seeking forfeiture of the vehicle. The defendant asserted that the Administrative Code was vague and that the forfeiture constituted excessive punishment. The Supreme Court determined that the forfeiture was not constitutionally offensive. We reverse.

Insofar as relevant herein, the Administrative Code of the County of Nassau § 8-7.0 (g) provides as follows: "(3) The County of Nassau may commence a civil action for forfeiture to the County of Nassau of the proceeds of a crime, substituted proceeds of a crime or instrumentality of a crime seized incident to an arrest for a misdemeanor crime or petty offense or upon a conviction for such misdemeanor crime or petty offense against any person having an interest in such property." Instrumentality of a crime is defined in § 8-7.0 (g) (1) (d) as: " 'Instrumentality of a crime' means any property, other than real property and any buildings, fixtures, appurtenances, and improvements thereon, whose use contributes directly and materially to the commission of any offense." The Administrative Code, however, does not define "any offense" or "petty offense" or provide any legislative history for its forfeiture sections.

It is a basic tenet of due process that the law give fair notice of offending conduct so a person has a reasonable opportunity to know what is prohibited (*cf. Lanzetta v New Jersey,* 306 US 451, 453 [1939]). Further, a law must provide exact standards for those who apply them to prevent arbitrary and discriminatory enforcement (*cf. Grayned v City of Rockford,* 408 US 104, 108 [1972]). The touchstone of due process is protection of the individual against arbitrary actions of the government (*cf. Wolff v McDonnell,* 418 US 539 [1974]).

We find that the subject Administrative Code provision violates due process in that it is vague and does not provide the public with sufficient notice of what offending conduct will result in the forfeiture of a vehicle (*cf. Keyishian v Board of Regents,* 385 US 589 [1967]). The notable absence of standards in the Administrative Code as to what petty offenses will result in the implementation of the forfeiture provision enhances the opportunity for arbitrary and discriminatory enforcement. In this regard, the County conceded during oral argument that the forfeiture provision is only utilized for alcohol-related arrests and is not generally utilized in connection with other traffic-related arrests, such as reckless driving or driving with a suspended or revoked license (*see* Vehicle and Traffic Law §§ 511, 1212). The subject code provision fails to provide any standards for those who apply them, e.g., police enforcement personnel, and fails to specify the Vehicle and Traffic Law alcohol-related offenses to which it applies. This absence of standards coupled with the conceded selectivity of enforcement is offensive to constitutional due process and, in our view, renders the code provision, as enacted, invalid. This section of the Administrative Code is too general to indicate what acts, i.e., what traffic-related offenses, are prohibited and subject to forfeiture (*cf. People v Munoz,* 9 NY2d 51 [1961]). In our view, it is not enough to state that petty offenses that lead to arrest come within the provision of the Administrative Code and thus due process concerns are met, when it is conceded by the County that the enforcement of this section of the Administrative Code is otherwise, i.e., not all arrests involving vehicular traffic infractions result in forfeiture.

In light of our determination, we need not reach the appellant's remaining contentions. Santucci, J.P., McGinity, Luciano and Schmidt, JJ., concur.