■ Stephen Flynn et al., Appellants, v City University of New York at Brooklyn College et al., Respondents. (Claim No. 99588.) [775 NYS2d 558]—

In a claim to recover damages for personal injuries, etc., the appeal is from an order of the Court of Claims (Waldon, J.), dated March 3, 2003, which, inter alia, granted that branch of the defendants' motion, in effect, pursuant to CPLR 3211 (a) (8) which was to dismiss the claim insofar as asserted against the defendant City University of New York at Brooklyn College.

Ordered that the order is affirmed, with costs.

The requirements of Court of Claims Act § 11 are jurisdictional and must be strictly construed. Failure to comply with the service requirements therein results in a lack of jurisdiction (*see Finnerty v New York State Thruway Auth.*, 75 NY2d 721 [1989]; *Martinez v State of New York*, 282 AD2d 580 [2001]; *Pagano v New York State Thruway Auth.*, 235 AD2d 408 [1997]). The claimants failed to serve a copy of the claim upon the defendant City University of New York at Brooklyn College (hereinafter CUNY), in addition to the Attorney General, within the time limitations contained in Court of Claims Act § 10 (*see Brinkley v City Univ. of N.Y.*, 92 AD2d 805, 806 [1983]). Accordingly, jurisdiction was not acquired over CUNY. Contrary to the

claimants' contention, CUNY did not waive this defense, since it was raised with particularity in the defendants' answer (*see* Court of Claims Act § 11 [c]). Santucci, J.P., Smith, Luciano and Adams, JJ., concur.