OPINION OF THE COURT
F. Dana Winslow, J.
Plaintiffs motion to amend his notice of claim pursuant to General Municipal Law § 50-e (6), and defendants’ cross motion to dismiss the notice of claim pursuant to General Municipal Law § 50-e (1) (a), are determined as follows.
This is an action in which plaintiff seeks to recover damages sustained as a result of the unlawful retention and forfeiture of his vehicle by the County of Nassau and the Nassau County Police Department (collectively, the County). On or about May 27, 1999, the County seized plaintiffs vehicle in connection with plaintiffs arrest for driving while intoxicated. A civil forfeiture action was commenced on August 25, 1999, pursuant to section 8-7.0 (g) (1) (d) and (3) of the Administrative Code of the County of Nassau (the ordinance). Plaintiff answered on December 2, 1999, asserting as an affirmative defense that the ordinance violated plaintiffs rights under the New York State and United States Constitutions.
On March 3, 2003, in an unrelated forfeiture action, the Second Department of the Appellate Division ruled that the ordinance was unconstitutional, reversing the trial court in that action, which had granted summary judgment in favor of the County. (See County of Nassau v Canavan, 303 AD2d 355 [2003] [the Appellate Division decision].) The County appealed this decision, and, on November 24, 2003, the Court of Appeals affirmed the holding that the ordinance was unconstitutional. (See County of Nassau v Canavan, 1 NY3d 134 [2003] [the Court of Appeals decision].)
From the time of seizure in May 1999 through the pendency of the Appellate Division and Court of Appeals decisions in Canavan, a period of almost five years, the County retained plaintiffs vehicle in its custody. On February 10, 2004, the vehicle was returned to plaintiff. Plaintiff filed a notice of claim against the County on February 13, 2004, seeking recovery for property damage and costs incurred as a result of the unlawful retention of plaintiffs vehicle.
*838 The instant motion, filed on or about June 8, 2004, seeks to amend the notice of claim, to add a claim for consequential losses allegedly incurred as a result of the forfeiture; namely, loss of employment and livelihood, and the accumulation of financial debt. The County cross-moves to dismiss the notice of claim in its entirety, on grounds that it was not timely filed within 90 days after the claim arose, in accordance with section 50-e (1) (a) of the General Municipal Law.
The initial question before the court is whether the original notice of claim was timely filed. This turns on the question of when plaintiffs claim arose for purposes of section 50-e (1) (a). The County maintains that the claim arose, if at all, on the date of the acts complained of; that is, on May 27, 1999 when the County seized and retained the vehicle. Plaintiff argues that its claim did not arise until November 24, 2003, the date of the Court of Appeals decision, because it had no right of recovery until the Court of Appeals determined that the ordinance was unconstitutional. Accordingly, in plaintiffs view, the notice of claim is timely, having been brought within 90 days of the Court of Appeals decision.
A claim accrues, for statute of limitations as well as notice of claim purposes, when the claim becomes enforceable; that is, when all the facts essential to the claim have occurred and all the elements of the cause of action can be truly alleged in the complaint. (Britt v Legal Aid Socy., 95 NY2d 443 [2000]; Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex., 87 NY2d 36 [1995]; Snyder v Town Insulation, 81 NY2d 429 [1993]; Kronos, Inc. v AVX Corp., 81 NY2d 90 [1993]; see also Santini & Co. v City of New York, 266 AD2d 119 [1999]; Matter of Beary v City of Rye, 59 AD2d 905 [1977], revd on other grounds 44 NY2d 398 [1978].) Notwithstanding the completion of a wrongful act or injury, the claim does not accrue until the legal right to sue arises. (See e.g., Matter of Continental Ins. Co. v Richt, 253 AD2d 818 [1998] [insured’s right to payment pursuant to an underinsurance claim does not accrue on the date of the accident, but rather, when the underinsured motorist’s insurance has been exhausted by payment]; Guglielmo v Unanue, 244 AD2d 718 [1997] [landowners’ claims against lakeshore owner for breach of covenant to maintain water level in lake did not accrue upon the draining of the lake, but rather upon the plaintiffs acquiring rights in their property].) The accrual of a claim may be linked to a jural event. (See, e.g., Britt v Legal Aid Socy., supra [cause of action for legal malpractice arising out of *839 a criminal proceeding accrues, not at the time of the malpractice, but only when the plaintiff can truthfully assert the element of innocence, i.e., when the criminal proceeding has been terminated without a conviction]; Ciferri v State of New York, 118 AD2d 676 [1986] [plaintiffs cause of action for malicious prosecution accrues, not upon the prosecution itself, but upon the dismissal of the criminal charges against him].)
This court determines, seemingly for the first time, that the plaintiffs claim did not arise in May 1999 when his vehicle was seized and retained because, at that time, the ordinance was in effect, precluding any claim for recovery. Indeed, the County cannot deny that any attempt to prosecute a claim would likely have been blocked by an immediate, and successful, motion to dismiss.
The County argues that, notwithstanding that it acted under color of law at the time it seized plaintiffs vehicle, the plaintiff could have, and was required to, assert any potential claims based upon the unconstitutionality of that law at the time of the seizure and retention. In its reply, the County denies that plaintiff had no avenue to pursue a claim, contending that “the avenue to dispute the propriety of the seizure and retention of the vehicle was in the forfeiture action brought by the County against plaintiff” and that, although plaintiff asserted the defense of unconstitutionality in the answer, he failed to pursue it. (Affirmation in reply, dated July 30, 2004, 1f 3.) The court notes that the opportunity to interpose a constitutional defense does not equate with the opportunity to bring a tort claim for damages. More significantly, however, the rule of law advocated by the County would impose an unreasonable burden upon any person aggrieved by a presumptively lawful governmental act to mount an immediate constitutional challenge to the law authorizing such act, or to relinquish any potential claim for recovery. Those who lack resources for such an undertaking would be foreclosed from any remedy, notwithstanding the ultimate determination that the law was unconstitutional at the outset. Such rule would effectively insulate the County or other legislative body from full responsibility for its violation of individual rights through the passage and implementation of constitutionally questionable law.
The court thus holds that a claim based upon the unlawful infringement of an individual right by a governmental agent or entity acting under color of law does not arise, for limitations and notice of claim purposes, until it is judicially determined *840 that the law is invalid. The court has considered whether this amounts to a retroactive application of the Court of Appeals decision insofar as it permits the government entity to be held liable for acts which were presumptively lawful at the time they were committed. The court finds, however, that the Court of Appeals decision is properly interpreted to hold that the ordinance, because it was unconstitutional, was void ab initio. Therefore, the acts committed by the County were unlawful at the time they were committed. The decision herein merely holds that, notwithstanding the completion of the acts giving rise to the claim, the accrual of the claim was delayed, because the right to sue was dependent on a jural event, as in the case of an action for malicious prosecution.
The court has also considered the extent to which the decision herein may undermine the objective of the notice of claim requirement, i.e., to facilitate prompt investigation of claims. The court acknowledges that, in some circumstances, evidence may be lost due to the lengthy delay between the governmental acts complained of and the determination giving rise to the cause of action. However, the court must weigh this potential harm against the potential forfeiture of individual rights inherent in the opposite holding. The court concludes that the risk posed by the uncertain validity of a law should be borne by the body that enacted it, and not by the body of individuals whom the law is obligated to protect.
Having determined that the claim did not arise in 1999 when the car was seized, the court then must determine whether the claim arose when the Appellate Division first held the ordinance to be unconstitutional in March 2003, or when the Court of Appeals ultimately did so in November 2003, after the County’s appeal. Plaintiff assumes that the latter date applies, apparently because the status of the ordinance was not certain until the Court of Appeals decision.
The court has found no precedent, but looks to cases in the area of malicious prosecution for guidance. In that context, New York courts have held that the cause of action accrues when plaintiff first becomes entitled to maintain the action (i.e., when there is a determination favorable to plaintiff), notwithstanding the pendency of an appeal. (See Marks v Townsend, 97 NY 590 [1885]; Spinale v Guest, 270 AD2d 39 [2000]; Ciferri v State of New York, 118 AD2d 676 [1986]; Ferrer v State of New York, 172 Misc 2d 1 [1996]; Lander v Gilman, 53 Misc 2d 65 [1967]; see also, Reed Co. v International Container Corp., 43 F Supp 644 *841 [1942], citing Cary v Koerner, 200 NY 253 [1910].) The court finds no reason to depart from the general rule in the analogous context of the instant action. Accordingly, the court holds that the claim arose in or about March 2003, upon entry of the Appellate Division decision. The notice of claim, filed in February 2004, was therefore untimely.
This does not end the inquiry, however, because the court has broad discretion to permit a late notice of claim. (Lemma v Off Track Betting Corp., 272 AD2d 669 [2000].) In exercising such discretion, the court must consider the factors set forth in General Municipal Law § 50-e (5). In particular, the court must consider whether the claimant offers a reasonable excuse for its delay, whether the defendant acquired actual knowledge of the essential facts constituting the claim within 90 days or a reasonable time thereafter, and whether granting the claimant’s application would substantially prejudice the defendant. (§ 50-e [5]; Lemma v Off Track Betting Corp., supra.)
The court finds that the uncertain status of the ordinance (in view of the County’s pending appeal), together with the unsettled question of law concerning when the cause of action arises in these circumstances, provides a reasonable excuse for plaintiffs eight-month delay. With respect to the County’s actual knowledge of the essential facts constituting the claim, as well as the prejudice to the County, the court finds no appreciable difference between the County’s position in February 2004, and its position within 90 days of March 2003, when such notice of claim would have been timely. The County can be charged with actual knowledge of the essential facts of plaintiff’s claim; namely, that plaintiff’s vehicle was unlawfully seized and retained by the County and that the vehicle lost value, through damage and/or depreciation, as a result. The County can hardly deny such knowledge when the subject vehicle was in the County’s own custody for close to five years. Further, the County cannot show that it would be prejudiced by the eight-month delay. Accordingly, the court finds that dismissal of the late notice of claim is unwarranted.
Turning to the plaintiffs application to amend the notice of claim, plaintiff seeks to add damages for “lost employment and livelihood which resulted in the loss of his residence and declaring bankruptcy,” where the initial claim was limited only to the loss and damage to the vehicle. The court finds that proposed amendment does not represent a mere correction of a mistake or irregularity, such as a quantitative increase in the amount of *842 damages claimed. Rather, it seeks the addition of damages of a fundamentally different nature, requiring substantially different evidence in support of the claim or defense. The court finds that such amendment would substantially alter the nature of plaintiff’s claim by adding new theories of recovery for which the County did not have adequate notice. Accordingly, the proposed amendment must be denied as prejudicial to defendants and outside the purview of section 50-e (6). (See Steinberg v Village of Garden City, 247 AD2d 463 [1998].)
Based upon the foregoing, it is ordered that plaintiffs motion to amend the notice of claim pursuant to General Municipal Law § 50-e (6) is denied. It is further ordered that defendants’ motion to dismiss the notice of claim as untimely pursuant to General Municipal Law § 50-e (1) (a) is denied.