■ MICHAEL WILLIAMS, Respondent, v STATE OF NEW YORK, Appellant. [831 NYS2d 514]—

In a claim to recover damages for lost property, the defendant appeals, as limited by its brief, from so much of a judgment of the Court of Claims (Scuccimarra, J.), dated February 2, 2006, as upon a decision dated December 29, 2005, is in favor of the claimant and against it in the principal sum of $500 for the loss of a gold wedding ring.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the claim is dismissed.

"The State's waiver of immunity from suits for money damages is not absolute, but rather is contingent upon a claimant's compliance with specific conditions placed on the waiver by the

Legislature" (*Lepkowski v State of New York,* 1 NY3d 201, 206 [2003]). Court of Claims Act § 8 specifically provides that the State waives its immunity from liability provided that the claimant "complies with the limitations" of article II of the Court of Claims Act. Thus, the various filing requirements set forth in Court of Claims Act §§ 10 and 11, which are part of article II, have been referred to as jurisdictional in nature, and the failure to comply with these requirements deprives the Court of Claims of subject matter jurisdiction (*see Finnerty v New York State Thruway Auth.,* 75 NY2d 721 [1989]; *Flynn v City Univ. of N.Y. at Brooklyn Coll.,* 6 AD3d 656 [2004]; *Scott v State of New York,* 204 AD2d 424 [1994]; *Lurie v State of New York,* 73 AD2d 1006 [1980], *affd* 52 NY2d 849 [1981]; *see also Harris v State of New York,* 38 AD3d 144 [2007]).

One of the filing requirements of Court of Claims Act § 10 is that an inmate seeking damages for lost property must exhaust the "personal property claims administrative remedy" established by the Department of Correctional Services (Court of Claims Act § 10 [9]). Although Court of Claims Act § 11 (c) states that the State may waive any defense based upon failure to comply with the "time limitations contained in section ten of this act," the failure to exhaust administrative remedies is not a "time limitation" within the plain language of this provision. Accordingly, the Court of Claims erred in concluding that the State waived the defense of exhaustion of administrative remedies by failing to raise it in its answer or a pre-answer motion to dismiss. Since the claimant did not establish at trial that he complied with this jurisdictional filing requirement, his claim to recover damages for the loss of a gold wedding ring should have been dismissed (*see Finnerty v New York State Thruway Auth., supra; Goudie v State of New York,* 291 AD2d 432 [2002]; *Scott v State of New York, supra*). Crane, J.P., Krausman, Fisher and Dickerson, JJ., concur.