■ THOMAS HUGHES, Appellant, v STATE OF NEW YORK, Respondent. [963 NYS2d 350]—

In a claim, inter alia, to recover damages for alleged violations of state and federal constitutional rights, the claimant appeals from an order of the Court of Claims (Lopez-Summa, J.), dated December 27, 2011, which granted the defendant's motion pursuant to CPLR 3211 (a) (2) to dismiss the claim for lack of subject matter jurisdiction, and denied his cross motion, in effect, to deem the claim to have been timely filed and served.

Ordered that the order is affirmed, with costs.

The claim in this case was untimely, pursuant to Court of Claims Act § 10 (3), since it was commenced more than 90 days

after the date when the claim accrued and no written notice of intention to file a claim was served upon the attorney general in accordance with the statute (*see* Court of Claims Act § 10 [3]; *Kaufman v State of New York*, 18 AD3d 503 [2005]). Since the filing requirements of Court of Claims Act § 10 are jurisdictional in nature, and the failure to comply with such requirements deprives the Court of Claims of subject matter jurisdiction (*see Williams v State of New York*, 38 AD3d 646, 647 [2007]), the Court of Claims properly granted the defendant's motion pursuant to CPLR 3211 (a) (2) to dismiss the claim for lack of subject matter jurisdiction.

The Court of Claims providently exercised its discretion in denying the claimant's cross motion, in effect, to deem the claim to have been timely filed and served. Upon weighing the statutory factors set forth in Court of Claims Act § 10 (6) (*see Edens v State of New York*, 259 AD2d 729, 730 [1999]), the Court of Claims properly determined that the claimant failed to come forth with a reasonable excuse for his delay in filing the claim and failed to demonstrate that his claim was potentially meritorious (*see Martinez v City of Schenectady*, 97 NY2d 78 [2001]; *Deleon v State of New York*, 64 AD3d 840 [2009]; *Kashelkar v State of New York*, 30 AD3d 163 [2006]; *Lyles v State of New York*, 2 AD3d 694 [2003], *affd* 3 NY3d 396 [2004]). In addition, alternative remedies are available to the claimant (*see Lerner v State of New York*, 72 AD3d 406, 407 [2010]; *Olsen v State of New York*, 45 AD3d 824, 825 [2007]). Mastro, J.P., Chambers, Hall and Lott, JJ., concur.