◾ LOUISE HARGROVE, Respondent, v STATE OF NEW YORK, Appellant. [29 NYS3d 495]—

In a claim to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Court of Claims (Mignano, J.), dated September 5, 2014, as denied that branch of its motion which was pursuant to CPLR 3211 (a) (2) to dismiss the claim for lack of subject matter jurisdiction.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (2) to dismiss the claim for lack of subject matter jurisdiction is granted.

The claimant commenced this claim against the State of New York to recover damages for personal injuries allegedly sustained in a motor vehicle accident. The State moved, inter alia, pursuant to CPLR 3211 (a) (2) to dismiss the claim for lack of subject matter jurisdiction. The Court of Claims, among other things, denied that branch of the State's motion. The State appeals. We reverse insofar as appealed from.

Court of Claims Act § 10 (3) provides, inter alia, that a claim to recover damages for personal injuries caused by the negligence of a state employee must be filed within 90 days after the accrual of such claim, unless the claimant within such time serves a written notice of intention to file a claim, in which event the claim shall be filed within two years after the accrual of the claim (*see Bennett v State of New York*, 106 AD3d 1040, 1040 [2013]; *Welch v State of New York*, 286 AD2d 496, 497 [2001]). The Court of Claims Act requires a claim to specify, among other things, "the time when" the claim arose and the "place where" it arose (Court of Claims Act § 11 [b]; *see Lepkowski v State of New York*, 1 NY3d 201, 207 [2003]). A notice of intention to file a claim must also include a statement as to when and where the claim arose (*see* Court of Claims Act § 11 [b]; *Cobin v State of New York*, 234 AD2d 498, 499 [1996]). The requirements of the Court of Claims Act that are set forth in sections 10 (3) and 11 (b) must be "strictly construed and a failure to comply therewith is a jurisdictional defect compelling the dismissal of the claim" (*Welch v State of New York*, 286

AD2d at 497-498; *see Finnerty v New York State Thruway Auth.*, 75 NY2d 721, 722-723 [1989]; *Hughes v State of New York*, 105 AD3d 907, 908 [2013]; *Williams v State of New York*, 38 AD3d 646, 647 [2007]).

Here, in support of its motion, the State demonstrated that the claim was commenced more than 90 days after the date when the claim accrued (*see Hughes v State of New York*, 105 AD3d at 908). In addition, the State demonstrated that the claimant failed to timely serve a notice of intention to file a claim that included "the time when" the claim arose and the "place where" it arose (Court of Claims Act § 11 [b]; *see Lepkowski v State of New York*, 1 NY3d at 207). The claimant's failure to comply with the filing requirements of the Court of Claims Act deprived the Court of Claims of subject matter jurisdiction (*see Finnerty v New York State Thruway Auth.*, 75 NY2d at 722-723; *Hughes v State of New York*, 105 AD3d at 908; *Williams v State of New York*, 38 AD3d at 647). Contrary to the conclusion of the Court of Claims, "the State is not required to go beyond a claim or notice of intention in order to investigate an occurrence or ascertain information which should be provided pursuant to Court of Claims Act § 11" (*Cobin v State of New York*, 234 AD2d at 499 [internal quotation marks omitted]; *see Lepkowski v State of New York*, 1 NY3d at 208). Accordingly, the Court of Claims should have granted that branch of the State's motion which was pursuant to CPLR 3211 (a) (2) to dismiss the claim for lack of subject matter jurisdiction. Eng, P.J., Mastro, Leventhal and Miller, JJ., concur.