Meyer v State of N.Y. Off. of Mental Health (2018 NY Slip Op 08924)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Meyer v State of N.Y. Off. of Mental Health

2018 NY Slip Op 08924

Decided on December 26, 2018

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
RUTH C. BALKIN, J.P.
SANDRA L. SGROI
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-01955

[*1]Jill Meyer, etc., appellant, 
vState of New York Office of Mental Health, respondent, et al., defendants. (Claim No. 127941)

Wolin & Wolin, Jericho, NY (Alan E. Wolin of counsel), for appellant.
Barbara D. Underwood, Attorney General, New York, NY (Anisha S. Dasgupta and Seth M. Rokosky of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages for employment discrimination, the claimant appeals from an order of the Court of Claims (Faviola A. Soto, J.), dated November 4, 2016. The order, insofar as appealed from, granted the motion of the defendant State of New York Office of Mental Health to dismiss the claim insofar as asserted against it as untimely.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2011, the claimant, Jill Meyer, applied for two positions as a psychiatrist at Creedmoor Psychiatric Center (hereinafter Creedmoor), and was not hired. In 2012, after timely filing and serving a notice of intention to file a claim with the State of New York, she commenced an action against the State of New York Office of Mental Health (hereinafter OMH), Creedmoor, and Caterina Grandi, the chief of psychiatry at Creedmoor, in the United States District Court for the Eastern District of New York (hereinafter the District Court), alleging discrimination in employment. On March 28, 2016, upon motion, the District Court dismissed the federal action. The causes of action asserted under federal law were dismissed on summary judgment on the merits, and the District Court declined to exercise supplemental jurisdiction over causes of action asserted under the New York State Human Rights Law (see Executive Law § 296; hereinafter NYSHRL) and the New York City Human Rights Law (see Administrative Code of City of NY § 8-107; hereinafter NYCHRL). Several weeks after the federal action was dismissed, Meyer commenced this claim in the Court of Claims against OMH, Creedmoor, and Grandi. Meyer alleged that she was discriminated against on the basis of her age, religion, and gender. OMH moved to dismiss the claim insofar as asserted against it as untimely, and the Court of Claims granted dismissal on the ground that the claim was untimely. Meyer appeals.
Meyer contends that her claim is timely because she filed and served it within six months after the federal action was dismissed (see CPLR 205[a]). Under Court of Claims Act § 10(4), Meyer was required to commence her claim within two years after it accrued. The filing requirements of Court of Claims Act § 10 are jurisdictional and must be strictly construed (see Kiesow v State of New York, 161 AD3d 1060, 1061-1062; Hargrove v State of New York, 138 AD3d 777, 777). Meyer did not commence this claim until 2016, which was well beyond the two-year [*2]limitations period for her claims of alleged discrimination that occurred in 2011. Notably, Meyer failed to make a timely application to extend the time to commence her claim pursuant to Court of Claims Act § 10(6) (see also Court of Claims Act § 10[8]). Accordingly, we agree with the Court of Claims that Meyer's claim was untimely.
BALKIN, J.P., SGROI, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court