Veralli v State of New York (2019 NY Slip Op 02744)





Veralli v State of New York


2019 NY Slip Op 02744


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON, JJ.


2018-05918
2018-05919

[*1]Michelle Veralli, appellant, 
v
State of New York, respondent. (Claim No. 128027)


Gold, Albanese, Barletti & Locascio, LLC, New York, NY (Robert Francis Gold of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Mark H. Shawhan of counsel), for respondent.



DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from two orders of the Court of Claims (Stephen J. Mignano, J.), dated July 14, 2017, and November 14, 2017, respectively. The order dated July 14, 2017, insofar as appealed from, granted that branch of the defendant's unopposed motion which was to dismiss the claim for failure to comply with the pleading requirements of Court of Claims Act § 11(b). The order dated November 14, 2017, denied the claimant's motion, in effect, to vacate her default in opposing the defendant's motion to dismiss the claim.
ORDERED that the appeal from the order dated July 14, 2017, is dismissed; and it is further,
ORDERED that the order dated November 14, 2017, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
No appeal lies from an order entered upon the default of the appealing party (see CPLR 5511; Gitzis v Isakov, 150 AD3d 1085). Since the order dated July 14, 2017, indicates, on its face, that the claimant submitted no opposition to the defendant's motion, inter alia, to dismiss the claim for failure to comply with the pleading requirements of Court of Claims Act § 11(b), the appeal from the portion of the order granting that branch of the defendant's motion must be dismissed (see Gitzis v Isakov, 150 AD3d at 1085; D'Agostino Law Off., P.C. v Parlante, 58 AD3d 668, 669).
We agree with the determination of the Court of Claims to deny the claimant's subsequent motion, in effect, to vacate her default in opposing the defendant's prior motion to dismiss the claim. Even assuming that the claimant had a reasonable excuse for her failure to oppose the defendant's motion, she failed to establish a potentially meritorious opposition. Contrary to the claimant's contention, the failure to set forth the date on which the claim arose in the notice of intention to file a claim constituted a fatal defect under Court of Claims Act § 11(b) (see Hargrove [*2]v State of New York, 138 AD3d 777), which therefore failed to extend the claimant's time to serve and file her claim pursuant to Court of Claims Act § 10(3). Because the record demonstrates that the claim was served and filed outside the 90-day period, we agree with the determination of the Court of Claims that it lacked subject matter jurisdiction over the claim and was required to dismiss it (see Kolnacki v State of New York, 8 NY3d 277, 280-281; Hargrove v State of New York, 138 AD3d 777).
BALKIN, J.P., CHAMBERS, COHEN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court