Newborn v State of New York (2024 NY Slip Op 50384(U))

[*1]

Newborn v State of New York

2024 NY Slip Op 50384(U)

Decided on February 8, 2024

Court Of Claims

Rivera, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 8, 2024
Court of Claims

Keith Newborn, Claimant

against
The State of New York, Defendant

Claim No. 134488

Claimant's attorney:
KEITH NEWBORN
Pro Se
Defendant's attorney:
HON. LETITIA JAMES
Attorney General for the State of New York
By: Glenn C. King, Assistant Attorney General

Walter Rivera, J.

The following papers 1-2 were read and considered by the Court on the State's motion to dismiss:
Notice of Motion, Attorney's Affirmation in Support and Exhibits. 1
Claimant's Reply to the State's Motion to Dismiss [FN1]
2
On February 14, 2020, the attorney general's office was served with a notice of intention and a claim alleging that on December 12, 2018, during claimant's incarceration at Eastern NY Correctional Facility, claimant's personal property, consisting of his legal papers, was missing upon his transfer to the Special Housing Unit (Ex. A).[FN2]
The claim further alleges that claimant filed an institutional claim within the facility on April 9, 2019, which was denied (id. at ¶ 10). On April 29, 2019, claimant appealed that denial (id. at 11). The appeal was denied by the facility superintendent on October 16, 2019.[FN3]

The instant claim was filed with the Court on February 19, 2020 (Ex. B). In its Verified Answer, the State asserted numerous affirmative defenses, including that the Court lacked subject matter jurisdiction over the claim due to claimant's failure to file the claim within 120 days after the date upon which claimant exhausted his administrative remedy before commencing an incarcerated person's personal property claim in the Court of Claims, as required by Court of [*2]Claims Act § 10 (9) (Ex. C, ¶ 10). The State moves to dismiss the claim on the ground that the Court lacks subject matter jurisdiction over the claim because it was not timely commenced. Claimant opposes the motion on numerous grounds while conceding that he filed the claim on February 19, 2020, which is not within 120 days after the accrual of the claim (Reply, ¶ 7).
Analysis
Court of Claims Act § 10 (9) provides that "a claim of any incarcerated individual in the custody of the department of corrections and community supervision for recovery of damages for the injury to or loss of personal property may not be filed unless and until the incarcerated individual has exhausted the personal property claims administrative remedy, established for incarcerated individuals by the department." The administrative remedy established by the New York State Department of Corrections and Community Supervision (DOCCS) consists of a two-tier system encompassing an initial review and an appeal (7 NYCRR § 1700.3). After the administrative remedy established by DOCCS has been exhausted, a personal property claim may be brought in the Court of Claims within 120 days after the date on which the administrative remedy was exhausted. Court of Claims Act § 10 (9) does not provide for the service of a notice of intention as a means of extending the time for service and filing of a personal property claim of an incarcerated individual (see Pristell v State of New York, 40 AD3d 1198 [3d Dept 2007]). 
The service requirements set forth in Court of Claims Act §§ 10 and 11 are jurisdictional in nature and require strict compliance as a precondition of suit against the State (see Dreger v New York State Thruway Auth., 81 NY2d 721, 724 [1992]). A failure to comply with any of the service provisions is a jurisdictional defect compelling the dismissal of the claim (see Kolnacki v State of New York, 8 NY3d 277, 281 [2007] ["(t)he failure to satisfy any of the (statutory) conditions is a jurisdictional defect"]; Welch v State of New York, 286 AD2d 496, 497-498 [2d Dept 2001]). Both service and filing of the claim must occur within the statutory time period mandated by the Court of Claims Act (see Dreger, 81 NY2d at 724).
In the case at bar, claimant concedes at paragraph 7 of his Reply to Defendant's Motion to Dismiss that he filed his claim with the Court on February 19, 2020. The Court finds that claimant's filing on February 19, 2020 was not within 120 days after claimant exhausted his administrative remedy established by DOCCS, as required by Court of Claims Act § 10 (9) and that therefore the claim was not timely filed. Additionally, the Court finds that claimant cannot avail himself of the tolling provision set forth in Executive Order 202.8, issued by Governor Andrew M. Cuomo on March 7, 2020 in response to the COVID-19 public health emergency, as the applicability of the executive order begins on March 7, 2020 and does not indicate that it applies retroactively to claims filed prior to that date. Thus, despite claimant's arguments to the contrary, the Court is constrained to dismiss the claim because the Court lacks subject matter jurisdiction over the claim due to the untimely filing of the claim (Court of Claims Act § 10 [9]; see Williams v State of New York, 38 AD3d 646, 647 [2d Dept 2007]). 
Accordingly, the State's motion to dismiss Claim No. 134488 is hereby GRANTED.

Footnotes

Footnote 1:Claimant's Reply to the State's Motion was filed with the Court on January 18, 2024, one day after the return date of January 17, 2024. In the interests of justice and judicial economy, the Court reviewed and considered claimant's untimely papers.

Footnote 2:The State rejected the notice of intention as a nullity on the ground that Court of Claims Act § 10 (9) does not provide for the service of a notice of intention regarding a claim of an incarcerated individual alleging the loss or damage to the incarcerated individual's personal property within the correctional facility. 

Footnote 3:The claim alleges that claimant's facility personal property claim was denied and that the appeal of that denial was denied by the facility superintendent on October 15, 2019 (Ex. A, ¶ 11). However, one of the exhibits attached to the claim indicates that the appeal was disapproved on October 16, 2019 and claimant concedes that date at paragraph 7 of his Reply to Defendant's Motion to Dismiss (Ex. D).